## THE CITY OF CHICAGO

*v.*

## GERHARD SCHOLTEN.

1. INSTRUCTION — *slight evidence will sustain an instruction.* Where there is any evidence, however slight, it will be sufficient to sustain an instruction based upon the hypothetical case it tends to prove.

75     468
97a  ²524

75     468
105a  ⁵652

75     468
114a  ³159

2. DEATH — *in action for damages for wrongfully causing, proof of actual services not necessary where next of kin is a parent, and the deceased a minor.* In an action by the personal representative to recover damages growing out of the death of his intestate, a minor child, through negligence, etc., it is not indispensable there should be proof of actual services of pecuniary value rendered to the next of kin, nor that any witness should express an opinion as to the value of such services, before a recovery can be had.

3. SAME — *extent of damages.* Where the next of kin are collateral kindred of the deceased, and have not received pecuniary aid from him, proof of such relationship will warrant a recovery of nominal damages only, but where the deceased is a minor, and leaves a father entitled to his services, the law presumes there has been a pecuniary loss, for which compensation under the statute may be given.

4. SAME — *damages confined to pecuniary loss.* As no other damages are recoverable, under the statute, than for the pecuniary injury sustained by the next of kin, an instruction, from which the jury may infer that they may give damages for bereavement, and by way of solace for the affliction suffered, is too broad, and should be qualified.

5. SAME — *jury may act on their own knowledge and experience in ascertaining pecuniary loss.* In suits to recover damages for wrongfully causing the death of another, under the statute, the pecuniary loss may be estimated from the facts proven, in connection with the knowledge and experience possessed by all persons in relation to matters of common observation. Such damages may be enhanced where the deceased is a minor, leaving a parent as next of kin, by proof of the personal characteristics, qualities, mental and physical capacities to render service, and habits of industry, etc., of the deceased.

6. SAME — *instruction assuming fact not in proof.* In an action against a city by the personal representative of a deceased minor child to recover damages for his death occasioned by a defective sidewalk, the court instructed the jury, that the defendant had no right to test the sufficiency of its sidewalks at the risk of the lives of persons passing over the same. There was no proof that the city had been so testing the sufficiency of the sidewalks : *Held,* that the instruction was erroneous, as assuming the city was guilty of an act of gross misconduct in a matter not shown by any evidence, and highly calculated to mislead the jury.

APPEAL from the Circuit Court of Cook county; the Hon. LAMBERT TREE, Judge, presiding.

This was an action on the case, brought by Gerhard Scholten, administrator of the estate of Berend Scholten, deceased, under

the statute, against the city of Chicago, for causing the death of the intestate, through negligence in respect to the sidewalks of the city. A trial was had before a jury, resulting in a verdict of $2,833.33, upon which judgment was rendered.

Mr. EGBERT JAMIESON, for the appellant.

Mr. D. HARRY HAMMER, and Mr. F. J. SMITH, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action was brought by the administrator, to recover damages resulting to the next of kin, for causing the death of Berend Scholten, which, it is alleged, was caused by the negligent conduct of the city, in not keeping a sidewalk in repair, over which the deceased was about to pass. That the sidewalk was out of repair, and in a most dangerous condition, at the point where Berend was killed, does not admit of a doubt. The deceased was only twelve years of age; and while he and his younger brother were quietly passing along on the sidewalk, it suddenly gave way, precipitating them to the bottom of the vault, injuring the younger, and causing the instant death of the older brother. But whether the city had notice, or could, by the exercise of reasonable diligence, have known of the unsafe and insecure condition of the sidewalk, in time to have caused it to be repaired before the happening of the accident, is purely a question of fact, to be found by the jury. Inasmuch as the present judgment is to be reversed, on account of errors that appear in the instructions, we do not deem it necessary to discuss the evidence on that branch of the case.

The court, at request of plaintiff, instructed the jury, that in case they found the city had been guilty of negligence, in failing to keep its sidewalks in proper and suitable repair, and allowing the same to remain so out of repair, after such condition was known, or ought to have been known, then they have a "right to find for the plaintiff, and should assess the damages

at such sum as will, in the judgment of the jury, compensate the plaintiff, and those in whose interest he sues, for the loss of the deceased."

One reason suggested why this instruction should have been refused is, that it is not based on any evidence in the case. This is a misapprehension of the facts. Where there is any evidence, however slight, it is sufficient to sustain an instruction upon the hypothetical case it tends to prove. As much evidence is contained in this record as was given in *The City of Chicago* v. *Major*, 18 Ill. 349, where a verdict for $800 was sustained, for causing the death of a child four years old. The child was too young to have rendered any services to its parents, or next of kin, and all that was proven was the age and relationship. It was said, the jury was authorized to estimate the pecuniary damages, from the facts proven, in connection with their own knowledge and experience. The doctrine of this case has been adhered to in all subsequent cases arising under this statute. *C. & R. I. R. R. Co.* v. *Morris*, 26 Ill. 400; *C. & A. R. R. Co.* v. *Shannon*, 43 ib. 346.

In the case at bar, proof was made of the age of the deceased, the names of the next of kin, and that his parents were laboring people.

These facts alone were sufficient on which to base an instruction, embodying the principle contained in this one. It was not indispensable there should be proof of actual services of pecuniary value rendered to the next of kin, nor that any witness should express an opinion as to the value of such services, before a recovery could be had.

Where the next of kin are collateral kindred of the deceased, and have not received pecuniary aid from him, proof of such relationship would warrant a recovery of nominal damages only; but where the deceased is a minor, and leaves a father, entitled to his services, the law presumes there has been a pecuniary loss, for which compensation, under the statute, may be given. In such cases, the pecuniary loss may be estimated

from the facts proven, in connection with the knowledge and experience possessed by all persons, in relation to matters of common observation. No doubt the damages could be greatly enhanced, by proof of the personal characteristics of the deceased. Evidence of his mental and physical capacity to be of service to his father in his business, his habits of industry and sobriety, where the deceased is old enough to have established a character, are all elements to be considered in assessing the pecuniary loss sustained. But the instruction may be liable to a just criticism, because of its ambiguity as to the nature of the damages the jury were at liberty to award. It should have contained some words of limitation, that would have expressly restricted the damages plaintiff might recover, to the pecuniary injury sustained. No other damages are recoverable under this statute. The court should have added the qualification indicated. In its present form, it stated the rule, as to damages recoverable in such actions, too broadly, and may have made the impression, damages could be awarded for bereavement, and by way of solace for the affliction suffered. Such is not the law.

The first clause of the fourth instruction, given for the plaintiff, is as follows : " The jury are instructed the defendant has no right to test the sufficiency of its sidewalks, at the risk of the lives of persons passing over the same." That the principle asserted is correct will not be doubted ; but it has no application whatever to the case, and, for that reason, ought not to have been given. There is not a particle of testimony that even tends, in the remotest degree, to prove the city had been testing the "sufficiency of its sidewalks, at the risk of persons passing over the same." It assumes, the city has been guilty of an act of gross misconduct, in regard to a matter about which there is no evidence. Coming as it did from the court, the jury may have believed they might consider the fact, the existence of which was assumed, in making up their verdict. It directed their attention to an act of malfeasance not

proven, and it was, therefore, highly calculated to mislead the jury. For the errors indicated, the judgment will be reversed and the cause remanded.

*Judgment reversed.*