JOHN KELLY, Respondent, *against* THE TWENTY-THIRD
STREET RAILWAY COMPANY, Appellant.

(Decided February 6th, 1888.)

In an action by an administrator for the pecuniary loss sustained by the
next of kin of plaintiff's intestate from his death, alleged to have been
caused by defendant's negligence, it appeared that the intestate left
no father, mother, widow, children, or other persons dependent upon
him for support; that his only next of kin were a brother and sister
in Ireland, and three nephews in New York City, where he carried on
the business of junk dealer. The testimony did not show that he ever
did anything to support or in any way assist any of these relatives,
nor what he earned, or what the value of his life was to his next of
kin. *Held*, that a verdict of $1,000 should not be set aside as ex-
cessive.

APPEAL from a judgment of this court entered on the
verdict of a jury and from an order denying a motion for
a new trial.

The facts are stated in the opinion.

*Leslie W. Russell*, for appellant.

*Alfred Steckler*, for respondent.

PER CURIAM. — [Present, LARREMORE, Ch. J., ALLEN
and BOOKSTAVER, JJ.] — The action was brought to re-
cover for the pecuniary loss sustained by the next of kin
of Peter Morris, who died intestate. He was killed, as
claimed by the plaintiff, through the negligence of the de-
fendant. There was conflicting evidence, both as to the
negligence of the deceased and of the defendant, and we
think there was no error in the submission of these ques-
tions to the jury.

Peter Morris left no father, mother, widow, children, or
other persons dependent on him for support. His only next
of kin were a sister and brother living in Ireland, and three
nephews in this city. He was by occupation a junk dealer.

The testimony did not show he had ever done anything to support or in any way assist any of these relatives, while he lived; nor did it show what he earned, nor what, if anything, the value of his life was to his next of kin. Upon this state of facts, the defendant moved to dismiss the complaint, on the ground, among others, that there was no basis of damage, or for more than nominal damages; which was denied, and defendant excepted.

We are now asked to apply to this case the rule laid down in *Leeds* v. *Metropolitan Gas Light Co.* (90 N. Y. 26). That action was brought by the person injured, to recover damages for such injuries, and for the pecuniary loss sustained in consequence; and the court held, where actual pecuniary damages are sought, some evidence must be given showing their existence and extent. This rule is both just and salutary. But it has never been applied, as far as we are aware, to actions brought by an administrator, to recover for the pecuniary injury sustained by the next of kin from the death of a person caused by the negligence of another. Nor have the courts of this state discriminated between the immediate and collateral kindred, and required more or different proof in the case of the latter than in the former; although this has been done in some other states, where it is held there must be some direct proof that the collateral kindred had been supported by the deceased; or that there was a probability of their receiving support from him, had he lived (*Chicago* v. *Scholten*, 75 Ill. 468; *Chicago &c.* v. *Moranda*, 93 Ill. 302; *Grotenkemper* v. *Harris*, 25 Ohio St. 512); and, in our opinion, such a discrimination might well be made.

The judge's charge, we think, was in strict conformity with the law of this state, as laid down in *Lockwood* v. *N. Y. L. E. & W. R. R. Co.* (98 N. Y. 523), and cases there cited. On this charge the jury awarded the plaintiff $1,000 damages; and as the law stands, we cannot say they were excessive.

Judgment and order affirmed, with costs.