Alex Wallace, Administrator of Estate of Donald Wallace, Deceased, Appellant, v. City of Rock Island, Appellee.

**Gen. No. 9,981.**

640

DOVE, P. J., concurring in result.

 Opinion filed September 19, 1944. .

EAGLE & EAGLE, of Rock Island, for appellant.

LEO J. HERBERT, of Rock Island, for appellee.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

This is an action by appellant administrator under the Injuries Act for the wrongful death of his 13 year old son. Trial resulted in favor of appellant, the jury returning a verdict in the sum of $500. Among other things, appellant urges as ground for reversal, the inadequacy of the verdict. The deceased left lineal kindred consisting of his father, mother, and one sister.

As stated in *Rost v. F. H. Noble & Co.,* 316 Ill. 357, 375, the law presumes substantial injury to the parents. An illustrative case is that of *Chicago, P. & St. L. R. Co. v. Woolridge,* 174 Ill. 330. Here, the court distinguishes the rule with respect to the question of damages, where the deceased leaves lineal next of kin, and where the same are collateral. It is there announced that when the next of kin are lineal, the law presumes pecuniary loss from the fact of death, while if the next of kin are collateral, it then becomes a material question whether they were receiving pecuniary assistance from the deceased (pp. 334, 335). Also see *Mugaviro v. Chicago, B. & Q. R. Co.,* 239 Ill. App. 544, 550; *Swengel v. Chicago, O. & P. R. Co.,* 208 Ill. App. 525. An interesting annotation of 37 pages will be found on this question in 149 A. L. R. p. 234. Here, we find the statement, that by the great weight of

authority, substantial damages may be recovered by the parents of a minor child for his wrongful death, notwithstanding the fact such child had not been gainfully employed; and that such damages were to be measured by the experience and judgment of the jury, enlightened by a knowledge of the age, sex, physical and mental characteristics of the child. Many Illinois cases will be found referred to throughout the annotation.

Damages in cases of this character are incapable of determination by any fixed mathematical calculation or rule of certainty. From the very nature of the circumstances, there can be no exact rule of determining the value of services which a deceased child would have rendered, had death not intervened. So, we find that such damages as are assessed by the jury are peculiarly subject to the power and duty of the trial judge to consider same with a view to the bounds of reasonable probability. It might be said that this rule leaves much to be determined as to certainty, but it is not altogether a stranger to tort actions in general. Verdicts in personal injury suits, as well as under the Injuries Act, differ materially in cases where the circumstances are not dissimilar.

Section 2 of the Injuries Act (ch. 70, par. 2, 1943 Ill. Rev. Stat. [Jones Ill. Stats. Ann. 38.02]) provides that, the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from death. The wording of the statute limiting compensation to the pecuniary injuries resulting from death, is not to be characterized or construed as limiting recovery to the present loss of money, but prospective advantages of a pecuniary nature are to be considered as embraced in such language. A reasonable expectation of benefits from the continuance of life may be taken into consideration, and such are not limited to the period of minority. *City of Chicago v. Keefe,* 114 Ill. 222, 230;

*Baltimore & O. S. W. R. Co. v. Then,* 159 Ill. 535, 538, 539; *Illinois Cent. R. Co. v. Reardon,* 157 Ill. 372, 378; *Chicago & E. I. R. Co. v. Beaver,* 199 Ill. 34, 38; *Chicago & A. R. Co. v. Kelly,* 182 Ill. 267, 272; *Illinois Cent. R. Co. v. Warriner,* 229 Ill. 91, 97; *Huff v. Peoria & E. R. Co.,* 127 Ill. App. 242, 249.

The evidence in this case shows the deceased to have been 13 years of age, a healthy boy, and a good student in his classes at school. This is about all that can be said with respect to a young child of school age. Verdicts in the maximum statutory amount have been permitted to stand in cases of children younger than the child in this case. *Deming v. City of Chicago,* 321 Ill. 341; *Petrovic v. City of Chicago,* 251 Ill. App. 542. We find many other similar cases where verdicts of substantial amounts were permitted to stand, among which are *Gregory v. Merriam,* 294 Ill. App. 483 and *Trust Co. of Chicago v. Ancateau,* 317 Ill. App. 186.

Nominal damages are such damages as are awarded in cases where the alleged negligence is proved, but where there is either a failure of proof as to damages suffered or no damages resulted. The court is of the opinion the damages as fixed by the verdict in this case cannot be considered other than nominal. Under the rule in this State, a parent, on the finding of negligence causing the death of a minor son, is entitled to a substantial verdict. The judgment is therefore reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Dove, P. J.: I concur in the holding that the judgment should be reversed and the cause remanded.