Iona Woodrick, Plaintiff-Appellee, v. Smith Gas Service, Inc., a Corporation, and Systematics, Inc., Defendants.

Appeal of Smith Gas Service, Inc., Certain Defendant-Appellant.

**Gen. No. 66–133.**

Second District.

October 4, 1967.

Thomas and Kostantacos, of Rockford, for appellant.

Robert K. Clark, of Page & Clark, of Rockford, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court.

In February, 1965, the plaintiff was driving a 1964 Thunderbird automobile along Route 51 approaching the city of Mendota. The car was equipped with a device called the "Auto-Start," installed by the defendant, Smith Gas Service, Inc., and manufactured by the defendant, Systematics, Inc. The purpose of the device was to automatically start and stop the car to maintain engine temperatures during periods when the car was unattended. A component part of the device was a so-called bead chain leading from a solenoid to the throttle lever. As originally installed the chain was in two parts connected by a small bolt and nut. This arrangement was changed by the defendant, Smith Gas Service after the plaintiff's husband experienced a locking of the accelerator on the car. The husband did not tell plaintiff of this experience and simply had the car repaired.

As the plaintiff was driving along the highway, she passed a truck and then let up on the accelerator to return to her proper lane. The car did not slow but, in-

stead, continued to speed up. Plaintiff applied her brakes and then the emergency brake, but the car kept going faster. Plaintiff sounded the horn so as to alert other cars and pedestrians. The plaintiff completely removed her foot from the accelerator but the car went faster and faster. In this condition, plaintiff entered the city of Mendota at over 100 miles per hour, struck an automobile and, finally, ran up a light pole. The engine continued running at full speed causing the rear wheels to dig five-inch holes in the ground.

As a result of the accident, plaintiff suffered severe injuries which are not here in question and brought suit against both defendants under the theories of negligence, breach of implied warranty and absolute liability. A jury absolved the manufacturer, Systematics, Inc. and rendered a verdict against Smith Gas Service in the sum of Twenty-One Thousand Five Hundred Dollars ($21,500). The defendant, Smith Gas Service, brings this appeal and advances various theories which will be discussed in turn.

The defendant's first theory is that the trial court erred in refusing to exclude the testimony of plaintiff's experts based upon tests and experiments with the car made some time after the accident. This court recognizes that the ideal situation would be to make tests at the time of the accident, but the practical difficulties inherent in accomplishing such timing have caused a rule to evolve which is that such tests and experiments are admissible, even though made after an accident, upon a prior showing that there has been no change in circumstances or conditions. As was said in La Salle Nat. Bank v. Feldman, 78 Ill App2d 363 (1966), 223 NE2d 180, at page 372, "Testimony based on an inspection after the event in question is not competent unless evidence is also introduced to show that the conditions inspected had remained unchanged in the interim."

In this case, the garageman who towed the car from the scene of the accident and stored the vehicle in

his garage, testified that between the time of the accident and the removal of the car from his establishment, which included the time of taking photographs, the car remained in the same condition as it was at the time of the accident. Plaintiff supplied these photographs and three expert witnesses testified on her behalf to various tests and experiments made by them while the car was so stored. They testified that the condition of the car as shown in the photographs was the same as the condition of the car when they made their experiments. They testified further that the bead chain was so located as to cause it to hook or catch when the accelerator was depressed, thereby in effect locking the accelerator and causing the car to speed out of control. It is interesting to note that the defendant presented its own expert who testified to a contrary conclusion based upon experiments which were taken some time after the accident. We do not view this as a waiver of defendant's objections or as a circumstance which would relieve the plaintiff of the burden of laying a proper foundation by showing that the same conditions existed at the time of the accident and at the time of the experiments. From an examination of the record in this case, which includes the testimony of the garageman, we conclude that there was no change of conditions and that the plaintiff laid a proper foundation thereby permitting him to offer expert testimony based upon subsequent experiments.

██ The defendant's next point is that it was error to permit passengers in the plaintiff's automobile to testify about their injuries since they were not plaintiffs in this case. There were four passengers in the automobile in addition to the plaintiff. All testified to the details of the accident and mentioned that they had been injured. They did not detail their injuries. No objection was made to the testimony of three of these passengers and the defendant apparently only made objection to that type of testimony from one of the passengers. We are

93

not confronted with a situation where the witness presented great detail about her injury. That would not be admissible because it was not an issue in the case and could conceivably inflame the jury. However, as was said in Budek v. City of Chicago, 279 Ill App 410 (1935) at page 421 ". . . the death of other occupants of the automobile was an incident of the accident under consideration. We are of the opinion that all the facts occurring at the time were proper to present in evidence." The witness simply testified to the circumstances of the accident and to the fact that she was injured. That is also a circumstance. Since no details were furnished there was no error in admitting the testimony. (Redmond v. Huppertz, 71 Ill App2d 254, 217 NE2d 85.)

■ ■ Defendant's next point concerns the refusal of the trial judge to admit certain moving pictures of the tests conducted by defendant's experts. In this connection the trial judge said,

> "I think it would be only cumulative evidence, as far as the tests being taken. If they were taken under the same circumstances the two witnesses have testified to, you have had a full line of testimony as to the installation and the chain. As to what they did and what tests they performed, you have had that opportunity."

At this point in the trial the jury had heard from three expert witnesses on behalf of the plaintiff and two on behalf of the defendant. Each testified in detail as to the condition of the chain and the various experiments with the operation of the device. The only purpose of the evidence offered by the defendant was to graphically depict all of the evidence previously admitted. One difficulty with the motion pictures was that they showed tests made on a different automobile. There was testimony to the effect that the conditions were the same but there was no testimony that the "Auto-Start" device was installed in

the same manner. The motion pictures themselves were not made a part of this record. We have had no opportunity to view them. The trial judge has broad discretion in permitting evidence of a merely cumulative nature and we cannot say that that discretion has been abused in this case.

 The defendant's next point is that the plaintiff's case is based upon circumstantial evidence and that the jury could not possibly have reached their conclusion based upon the circumstances presented. The defendant does not, and could not, say that a case may not be based upon circumstantial evidence. The defendant does argue, however, that the jury's conclusion from the circumstances presented must be a reasonable one, Holsman v. Darling State St. Corp., 6 Ill App2d 517, 523, 128 NE2d 581 (1955). If we took just a portion of the defendant's testimony then, perhaps, it could be said that the jury's conclusion was not reasonable. However, the jury took the case as a whole and so must we. In so doing, we cannot say that the jury reached an unreasonable conclusion based upon the evidence presented.

 Certain special interrogatories were presented by the defendants. The defendant first objects that the trial judge improperly advised the jury that the interrogatories had been prepared by the defendant. Any such comments by the trial judge were not preserved in the record and are not properly before us.

The defendant next argues that the jury's answer to one of the interrogatories was inconsistent with their general verdict. There are two interrogatories in question. The first, "Did the injury of the plaintiff, if any, result from an unreasonably dangerous condition of the product known as the 'Auto-Start'?" The jury's answer was no. Second "Was there any condition on or about the device known as the 'Auto-Start' which was unreasonably dangerous at the time it left the control of Smith Gas Service, Inc.?" The jury answered yes. The jury simply

found that the device itself was not dangerous but that the installation by the defendant, Smith Gas Service, Inc. had caused the difficulty. As a result the defendant, Systematics, was absolved.

As was pointed out by the Supreme Court in Sommese v. Maling Bros., Inc., 36 Ill2d 263 (1966) at page 267, 222 NE2d 468: ". . . the function of a special interrogatory is to require the jury's determination as to one or more specific issues of ultimate fact and is a check upon the deliberations of the jury. 'Special interrogatories are used for the purpose of testing the general verdict against the jury's conclusions as to the ultimate controlling facts.' Wise v. Wise, 22 Ill App2d 54, 58."

In this case the jury's answers to the special interrogatories were perfectly consistent with their general verdict and indicate clearly that they understood the issues presented to them.

The defendant next argues that the trial court erred in giving one of plaintiff's instructions and failing to give a similar instruction on behalf of defendant. The instructions involve the issues of the case as set forth in the pleadings and the particular point in controversy is whether or not the plaintiff's husband had actually purchased the "Auto-Start" device. Defendant admits that he made the purchase but that his employer paid for the device. Defendant then argues that no implied warranty arose because the husband did not actually pay for the device. The record is clear that the husband personally made the purchase and we do not think it fatal to his theory that his employer actually paid the bill. In addition, the theory of implied warranty in these cases is no longer grounded entirely upon privity of contract. See Suvada v. White Motor Co., 32 Ill2d 612, 618–619, 210 NE2d 182 (1965). The trial court did not err in failing to give defendant's instruction.

Finally, the defendant argues that the plaintiff was guilty of contributory negligence as a matter of

law and that the jury verdict is clearly against the manifest weight of the evidence. Here the plaintiff sounded her horn, applied her brakes and even applied the emergency brake. She did not shift the car into neutral and she did not turn off the ignition key. The question presented is whether or not a reasonably prudent person should have done so as a matter of law under the circumstances presented. We have had occasion to consider this question many times. A few examples are Sterba v. First Federal Savings & Loan Ass'n, 77 Ill App2d 380, 222 NE2d 547, and McCann v. City of Waukegan, 83 Ill App2d 284, 227 NE2d 558 (1967). We have no right to substitute our judgment for that of the jury unless their verdict is so clearly against the manifest weight of the evidence as to require reversal. A review of the entire record before us indicates that their decision was reasonable and one that could be reached by fair minded persons. The judgment is therefore affirmed.

Judgment affirmed.

DAVIS, P. J. and ABRAHAMSON, J., concur.