(No. 41178.—
RONALD E. FLYNN, Admr., *et al.,* Appellees, *vs.* PATRICK
VANCIL, Appellant.

*Opinion filed November 22, 1968.*

COYLE, STENGEL, GILMAN & KEEFE, of Rock Island, (EDWARD KEEFE, of counsel,) for appellant.

FERGUSON, FERGUSON AND WURBS, of Rock Island, (JAMES A. WURBS, of counsel,) for appellees.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

This appeal by defendant Patrick Vancil involves the wrongful death claim by plaintiff Ronald E. Flynn, as administrator of the estate of his two-week-old child. The issue presented is whether the presumption of substantial pecuniary loss to lineal kindred in wrongful-death cases is rebuttable so as to warrant a jury verdict finding liability but awarding no damages.

The wrongful death claim was asserted by plaintiff administrator as a separate count in the original complaint, which also included personal injury claims by said plaintiff and his wife individually, all arising out of an automobile accident allegedly caused by defendant's negligence. The jury found in favor of all the plaintiffs on the issue of liability, but awarded no damages on the wrongful-death count. From the judgment entered on that count by the circuit court of Rock Island County, plaintiff administrator appealed to the appellate court. He presented as the only issue on appeal the following certified question of law, pursuant to former Supreme Court Rule 48 (Ill. Rev. Stat. 1965, chap. 110, par. 101.48): "Can a jury verdict of liability for the death of a two-week old female awarding no damages for the administrator for the benefit of the surviving mother and father be sustained where there is evidence of incurable congenital physical defects impairing the health of the child?"

In reversing that judgment and remanding for a new trial the appellate court filed three separate opinions with

varying interpretations of the nature of the presumption of pecuniary loss in cases of wrongful death of lineal kin (89 Ill. App. 2d 368), and this court granted defendant leave to appeal.

The relevant portions of the Wrongful Death Act (Ill. Rev. Stat. 1965, chap. 70, par. 2) provide, in substance, that the jury may give damages for pecuniary injuries from the wrongful death to the widow and next of kin of the decedent. In cases involving the wrongful death of a child, the court, at an early date, recognized the difficulties of proving "pecuniary loss," since the child's habits of industry and potential work could not be determined; consequently, the rule was promulgated that where deceased is a minor and leaves a father entitled to his services the law presumes there has been a pecuniary loss for which compensation under the statute may be given. (*City of Chicago* v. *Scholten,* 75 Ill. 468.) Such damages included the reasonable expectation of benefits from the continuation of life, (*City of Chicago* v. *Keefe,* 114 Ill. 222, 230,) and the presumption has been invoked by the Illinois courts consistently through the years. *Knierim* v. *Izzo, 22* Ill.2d 73, 78; *Hall* v. *Gillins,* 13 Ill.2d 26, 31; *Jung* v. *Buelens,* 77 Ill. App. 2d 391, 397; *Maca* v. *Rock Island-Moline City Lines, Inc.,* 47 Ill. App. 2d 31, 36-37; *Ferraro* v. *Augustine,* 45 Ill. App. 2d 295.

In no case, however, has the presumption been held conclusive. Quite the contrary, courts invoking the presumption have buttressed it with a recital of supporting evidence relating to the good health, industrious habits and potential longevity of the deceased minor. *Wallace* v. *City of Rock Island,* 325 Ill. App. 639; 1964 U. Ill. L. Forum, 683, 686.

In this case, where it is uncontroverted that plaintiff's decedent was a two-week-old child afflicted with an incurable congenital condition affecting her health, it is evident that the jury reasonably could have concluded that those

actual facts rebutted the presumption and precluded any pecuniary loss. Consequently, the jury verdict of no damages for the wrongful death should not have been disturbed.

This construction of the presumption is in accordance with the terms and purport of Illinois Pattern Jury Instruction 31.01, which requires the jury, in cases where the decedent leaves direct lineal kin, to consider the presumption of substantial pecuniary loss along with other evidence, if there is such evidence, in determining what they will award. The instruction in no way makes the presumption conclusive, or requires the jury to award damages irrespective of contradictory evidence. It vests in the jury the discretion of determining the quantum of evidence necessary to rebut the presumption.

In our view, moreover, plaintiff's contention that the jury was obliged to award damages if it found liability, is not only without support in the case law, but is inconsistent with legal concepts relating to presumptions, damages and jury verdicts.

A presumption is essentially an inference as to the existence of one fact from the existence of some other basic fact established by the proof. Presumptions have been classified as either conclusive or rebuttable. (*National Zinc Co. v. Industrial Com.,* 292 Ill. 598, 601.) Conclusive presumptions cannot be contravened by opposing evidence (29 Am. Jur. 2d 203) ; whereas rebuttable presumptions may be disputed and eliminated if they do not correspond with the circumstances actually proved. A rebuttable presumption, standing alone, may establish a *prima facie* case, thereby relieving the party in whose favor it arises from presenting further evidence and requiring the opposing party to produce contrary evidence to avoid an unfavorable verdict. However, such a presumption does not preclude the consideration of contrary facts. *Miller v. Pettengill,* 392 Ill. 117, 123; *Trustees of Schools v. Lilly,* 373 Ill. 431, 438.

Under those rules relating to presumptions, the pre-

sumption of pecuniary loss involved here would, in the absence of any evidence of such loss, establish a *prima facie* case for plaintiff, and merely shift to defendant the burden of establishing contrary facts which the jury would be obliged to weigh. Implicit in the right to weigh the presumption is the right to give it no weight at all. (*Anthony v. New York Central Railroad,* 61 Ill. App. 2d 466, 474.) Consequently, plaintiff's argument that the presumption of pecuniary loss requires the jury to award some damages regardless of the evidence, is contrary to the rules relating to presumption. It would be specious reasoning to hold, as plaintiff urges, that even though actual damages must be shown to permit any recovery in negligence cases, yet in wrongful-death cases such damages should be presumed and deemed irrefutable.

Furthermore, plaintiff's contention would invade the traditional province of the jury to weigh the evidence. The question of damages is peculiarly one of fact for the jury, and in matters relating to damages the courts are reluctant to interfere with the discretion of the jury. Therefore, the jury verdict here of no damages for the wrongful death of plaintiff's decedent, despite the finding of liability, was clearly within the province of the jury and in accordance with law.

We cannot accept the rationale advanced in one of the opinions of the appellate court that the jury verdict here was inherently contradictory and without meaning. The essential elements for recovery under the Wrongful Death Act include a duty of defendant toward the decedent, a breach of that duty, and pecuniary damages resulting therefrom to persons designated by the Act. (*Graul* v. *Adrian,* 32 Ill.2d 345, 347; *Wilcox* v. *Bierd,* 330 Ill. 571, 580.) However, we find no inherent inconsistency in the verdict here which finds defendant liable for having breached his legal duty toward plaintiffs, but also finds that such breach of duty resulted in no pecuniary loss to plaintiff administra-

tor under the Act and the evidence adduced. Such verdict contains no basic error and in no way requires a new trial.

Nor can we agree with the conclusions of the appellate court which impose on defendant the burden of excluding every possibility that pecuniary loss could ever accrue before the presumption could be deemed to be rebutted, and require a new trial to determine the sufficiency of the evidence to rebut the presumption.

Neither the Wrongful Death Act, nor the cases construing it, impose any such burden on defendant of excluding every possibility of pecuniary loss. The farthest reaches of the law require only that the presumption be considered if there is no evidence on the issue, or if there is evidence, that the presumption be weighed by the jury with such evidence.

Furthermore, the sufficiency of the facts was not raised by any party in the appellate court. Plaintiff's appeal presented only a single issue—a question of law—whether the jury could ever award no damages if it found liability in a wrongful death case involving lineal kin. The facts of liability and the incurable physical condition of the two-week-old baby were assumed. Consequently, plaintiff presented no record of the proceedings or narrative of the evidence.

It is established that on appeal the party claiming error has the burden of establishing any irregularities, and one who seeks to reverse a decree carries the burden of showing that it is erroneous. (*Molner* v. *Cartenos*, 415 Ill. 172, 176.) If the error assigned presents questions of the sufficiency of the evidence to support the verdict and judgment, then all the evidence must be preserved in the record, or it will be presumed that it was sufficient. (*Union Drainage Dist.* v. *Hamilton*, 390 Ill. 487, 493-494; *People* v. *Moriarity*, 380 Ill. 148, 150; *Rooks* v. *Plavec*, 40 Ill. App. 2d 298, 307.) As stated in the *Union Drainage District* case, "Error is never presumed by a reviewing court, but

must be affirmatively shown by the record." Moreover, theories not pursued nor advanced with citation of authorities are deemed waived. *Mitchell* v. *Van Scoyk,* 1 Ill.2d 160, 164.

In this case, where the evidence was not preserved, and the sufficiency of the facts was not argued or relied upon by the plaintiff, it must be presumed that the evidence was sufficient and any theory of insufficiency of evidence was deemed waived by plaintiff.

It was error, therefore, for the appellate court to consider questions not raised or argued on appeal as grounds for reversal. (*People ex rel. Akin* v. *Southern Gem Co.,* 332 Ill. 370, 372.) The judgment of the appellate court reversing and remanding the cause for a new trial is therefore reversed, and the judgment of the circuit court entered on the jury verdict is affirmed.

*Appellate Court reversed;*
*circuit court affirmed.*