CARL J. CLUTTS, Adm'r of the Estate of Charles Grant Britt, Deceased, Plaintiff-Appellee, v. ALFRED J. THROGMORTON, Defendant-Appellant.

(No. 73-361;

Fifth District—April 17, 1974.

Donald R. Mitchell and Paul G. Schoen, both of Carbondale, for appellant.

W. C. Spomer, of Cairo, and Harris and Lambert, of Marion for appellee.

Mr. JUSTICE CREBS delivered the opinion of the court:

Plaintiff brought an action to recover damages for wrongful death in the Circuit Court of Johnson County. After a jury trial, judgment was entered on the jury verdict for $25,000 damages and defendant has appealed.

The only substantial claim of error on this appeal is that the trial court committed reversible error in refusing to give defendant's tendered instructions Nos. 3 and 10.

Defendant's instruction No. 3 reads as follows:

"A presumption is an inference as to the existence of one fact from the existence of some other basic fact established by the proof. Presumptions have been classified as either conclusive or rebuttable. Conclusive presumptions cannot be contravened by opposing evidence. Whereas rebuttable presumptions may be dis-

puted and eliminated if they do not correspond with the circumstances actually proved."

Defendant's instruction No. 10 reads as follows:

"The presumption that the adult children of the decedent sustained some substantial pecuniary injury by reason of the death of the decedent is not a conclusive presumption but rather it is a rebuttable presumption which may be overcome by contrary evidence.

Whether or not this presumption has been overcome by the evidence is for you to determine."

The court did give plaintiff's instruction No. 18A which is IPI No. 31.04, modified as follows:

"If you decide for the plaintiff on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate the children of the decedent for the pecuniary loss proved by the evidence to have resulted to them from the death of the decedent and which will reasonably and fairly compensate the plaintiff for the burial expense of the decedent.

Where a decedent leaves children, the law recognizes a presumption that they have sustained some substantial pecuniary loss by reason of the death.

In determining pecuniary loss and the weight to be given to the presumption of pecuniary loss, you may consider what benefits of pecuniary value, including money, goods and services, the decedent might reasonably have been expected to contribute to the children had the decedent lived, bearing in mind the following factors concerning the decedent:

1. What instruction, moral training, and superintendence of education he might reasonably have been expected to give his children had he lived;

2. His age;

3. His health;

4. His habits of industry, sobriety, and thrift."

As a basis for their contention appellants cite the case of *Flynn v. Vancil*, 41 Ill.2d 236, 242 N.E.2d 237. In that case the jury found in favor of the plaintiffs on the issue of liability, but awarded no damages on the wrongful death count. The deceased was a 2-week-old child who had incurable congenital physical defects impairing her health.

In this case, while there is no evidence of monetary contributions, it is undisputed that the evidence shows pecuniary loss. For example the daughter who lived next door to decedent did not have a car and she regularly relied on her father, the decedent, to provide her transporta-

tion. Decedent was so engaged at the time of the accident here involved. There was also evidence that decedent helped his daughter with her housework, mowed her lawn, bought her food and would look after her five children at times when she was at work.

■■ From a review of all the evidence we conclude that it shows substantial pecuniary loss. Since the presumption was supported by the evidence in this case, it follows that failure to instruct the jury that the presumption could be rebutted cannot here constitute reversible error.

Since it is not necessary for a decision of this case, we do not pass on whether or not tendered instructions Nos. 3 and 10 would be required under different circumstances.

Judgment of the Circuit Court of Johnson County is affirmed.

EBERSPACHER and CARTER, JJ., concur.