CALVIN R. SMITH, Adm'r of the Estate of Lilias B. Smith, Plaintiff-Appellant, *v.* DONALD D. JEWELL, Defendant-Appellee.

Third District   No. 76-55

Opinion filed September 9, 1976.

Dan H. McNeal, of Moline, for appellant.

Dennis R. Fox, of Califf, Harper, Fox & Dailey, of Moline, for appellee.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:
Calvin R. Smith, as administrator of the estate of Lilias B. Smith, deceased, appeals from a judgment of the Circuit Court of Rock Island County based on a jury verdict of $6,345.45 in a wrongful death action. The action was instituted to recover the pecuniary loss occasioned by reason of the death of Lilias B. Smith. Defendant Donald D. Jewell admitted liability for property damage, towing expenses and funeral expenses in the sum of $2,345.45, and, also, admitted liability for pecuniary loss, which was to be proven by evidence to have resulted to decedent's next of kin, by reason of the death of Lilias B. Smith. In trial by jury, the jury awarded appellant $4,000 for pecuniary loss sustained by the next of kin. A verdict in the sum of $6,345.45, as a total sum, was the basis of the judgment in the same amount entered by the trial court. The appellant, on appeal in this Court, alleges that, first, the jury verdict was inadequate as a matter of law and, secondly, that the trial court improperly instructed the jury on issues in the case.

The decedent Lilias B. Smith died on September 25, 1973, at the age of 64 years. Mortality tables show that her life expectancy at that time was 16.2 years. She was then employed at the Moline Public Hospital where she earned an annual gross income for the 4-year period prior to her death, which ranged from $4,500 to $5,000 per year. Decedent had

approximately $2,000 in savings at the time of her death. It was shown that she rented an apartment in Hillsdale, Illinois for about $60 per month.

Decedent was survived by eight children, who ranged in age from 27 years to 46 years. The children were all married and lived apart from their mother at the time of her death. Four of decedent's children lived within 15 minutes travel time of decedent's apartment and each of these four children visited decedent from two to five times a week. One daughter lived in Rock Island, Illinois, and visited decedent from three to five times a month. Another daughter lived in Comanche, Iowa, and visited decedent at least once a month. Another daughter lived in Fort Worth, Texas, and visited decedent at least once a year for two or three weeks. The remaining daughter lived in California.

It appears from the evidence that decedent was apparently active and did not want to sit around and watch other people work. When she visited with her children, she would aid the children and their families in whatever activities they were then pursuing. She would, on occasion, help her children cook, can food, wash dishes, sew, wallpaper, clean squirrels and perform other family chores. Also, on occasion, she acted as babysitter with her grandchildren. She helped nurse her children and their families when they were ill. Decedent also sent cards and presents to the children and grandchildren on their birthdays and at Christmas.

It was shown that decedent loaned money and furniture to two of her daughters. All seven of the decedent's children who testified at the trial stated that, as of the time of the death of the decedent, they had expected to remain financially independent of the decedent in the future. The youngest daughter, Kay, did testify that she had received some money from her mother from time to time but nothing substantial.

■■ On the issue of whether the verdict of the jury was inadequate, appellant advances two arguments in support of the proposition that the jury verdict is inadequate as a matter of law. It is contended initially by appellant that in a wrongful death action, the lineal next of kin are presumed to suffer substantial pecuniary damage, and that damages awarded in this case are nominal and not substantial, and that, therefore, the damages awarded are insufficient as a matter of law. In support of this argument, it is pointed out that the existence of the presumption of substantial pecuniary loss is well established in cases such as *Hall v. Gillins* (1958), 13 Ill. 2d 26, 147 N.E.2d 352. Whether or not damages are nominal in character depends upon the facts of the particular case (*Wallace v. City of Rock Island* (1944), 323 Ill. App. 639, 56 N.E.2d 636). This issue, however, is not specifically pointed up by argument of appellant. What appellant seeks to establish is that the presumption alone entitles plaintiff to a more substantial verdict.

The Illinois Supreme Court in *Flynn v. Vancil* (1968), 41 Ill. 2d 236, 242 N.E.2d 237, clearly determined the issue of whether the presumption of substantial pecuniary loss to lineal kindred "is rebuttable so as to warrant a jury verdict finding liability but awarding no damages," and in that case the court concluded that the presumption merely shifts, to the defendant, "the burden of establishing contrary facts which the jury would be obliged to weigh," and that "[i]mplicit in the right to weigh the presumption is the right to give it no weight at all." 41 Ill. 2d 236, 240.

The appellant also alternatively argues that the jury verdict is inadequate as a matter of law in that the verdict bears no relation to the proved elements of damage which the jury was required to consider. In support of this position, appellant cites *Wallace v. City of Rock Island* (1944), 323 Ill. App. 639, 56 N.E.2d 656, and *Keel v. Compton* (1970), 120 Ill. App. 2d 248, 256 N.E.2d 848. In the *Wallace* case there was an award for $500 for the wrongful death of a healthy 13-year-old boy, who was a good student in school and left as survivors his father, mother and sister. The verdict in that case was held inadequate as a matter of law. In the *Keel* case, the jury awarded $5000 for the wrongful death of a 63-year-old male who left a spouse surviving. In that case the court held that, inasmuch as decedent earned $6,000 per year and in all probability would have worked 3 years prior to retirement, and in fact did support his wife, the $5000 award bore no relationship to one of the proven elements of damage which the jury was required to consider. In *Keel*, the court observed, as to jury verdicts, that "[m]any of the criteria relating to pecuniary injury are not susceptible of expression in monetary terms. The weight to be given such factors and their relevance to the pecuniary injury sustained is peculiarly a jury question. Courts are reluctant to disturb jury verdicts in such cases and will not do so unless such verdicts are the result of passion or prejudice or are palpably erroneous." 120 Ill. App. 2d 248, 254.

■■ In the instant case, the jury verdict does not appear to be the result of passion or prejudice and is not palpably erroneous. There is sufficient evidence in the record upon which the jury could conclude that decedent's lineal kindred suffered only the pecuniary loss of $4,000 actually found by the jury, by reason of the death of the decedent.

■■ The second issue raised by appellant is related to the first issue raised, since appellant argues that the trial court in giving certain instructions tendered by defendant limited the jury to a determination of actual damages only. It is appellant's theory that the presumption of substantial pecuniary loss to lineal kindred irrebutably entitled appellant to a substantial verdict. As we have noted in the cases hereinabove referred to, such as *Flynn v. Vancil*, that theory is not in accordance with the precedents as determined in the courts of this State. The instructions,

therefore, which were given by the trial court, properly stated the law and were "sufficiently clear so as not to mislead the jury." *Robinson v. Workman* (1957), 15 Ill. App. 2d 25, 33, 145 N.E.2d 265.

■■ Since we determine that the presumption of substantial loss does not require the jury to award substantial damages, if evidence supports the jury verdict returned, we should not set aside such verdict. The jury may determine the specific amount of damages, and since the jury verdict of $4,000 is not against the manifest weight of the evidence (even giving consideration to the presumption of substantial pecuniary loss) and noting also that the trial court properly instructed the jury, we conclude that the judgment of the trial court was proper and should be affirmed.

Affirmed.

STOUDER and BARRY, JJ., concur.