FOREST P. LONG, Indiv. and as Adm'r of the Estate of Rodney K. Long, Deceased, Plaintiff-Appellant, v. BRUCE M. BENNETT et al., Defendants-Appellees.

Fourth District   No. 14390

Opinion filed December 12, 1977.—Rehearing denied January 9, 1978.

WEBBER, J., concurring in part and dissenting in part.

Wiseman, Shaikewitz, McGivern & Wahl, of Alton, for appellant.

James E. Gorman, of Reed, Armstrong, Gorman & Coffey, of Edwardsville, for appellee Bruce M. Bennett.

Richard Meno, of Denby, Dobbs & Meno, of Carlinville, for appellees Macoupin County and Thomas Gazda.

Mr. JUSTICE MILLS delivered the opinion of the court:

Wrongful death action.

Jury verdict of $8000.

Too low. There must be a new trial on damages only.

Following the death of Rodney Long due to injuries sustained in an automobile accident, the administrator of the Long estate sued defendants for wrongful death. The jury returned a verdict in favor of plaintiff in the sum of $8000 against the defendants, Macoupin County and Superintendent of Highways Thomas Gazda, but also returned a verdict in favor of the defendant driver of the automobile, Bruce Bennett.

■■ On appeal, plaintiff raises five issues. The prime issue is whether an award of $8000 in damages was inadequate compensation as a matter

of law. Since the jury found that Macoupin County was negligent and there was no cross-appeal upon this question, the issue of liability is settled and thus the only question is whether $8,000 is adequate compensation for Rodney Long's death. Usually, a jury in its sound discretion fixes the amount of damages. (*Flynn v. Vancil* (1968), 41 Ill. 2d 236, 242 N.E.2d 237; *Smith v. Jewell* (1976), 41 Ill. App. 3d 754, 354 N.E.2d 471.) However, it is also well settled that a jury's discretion is not without limitation. (See *Keel v. Compton* (1970), 120 Ill. App. 2d 248, 256 N.E.2d 848.) Thus, if we find the verdict is so low as to be either a compromise upon the issue of liability and damages or else the total amount of damages is inadequate as a matter of law, we must set aside the jury verdict.

■■ It is presumed that the wrongful death of a decedent has resulted in substantial pecuniary loss to lineal heirs. (*Wallace v. City of Rock Island* (1944), 323 Ill. App. 639, 56 N.E.2d 636.) The presumption was initially developed to apply in cases such as here where the action is brought in behalf of the lineal heirs of a deceased child. (*City of Chicago v. Scholten* (1874), 75 Ill. 468; 1964 U. Ill. L.F. 683.) This presumption, of course, is rebuttable. (*Flynn.*) However, this case involves no rebuttal evidence and it is uncontroverted that Rodney Long was a healthy, athletic, intelligent and devoted son with a life expectancy of 54.2 years. Unlike our recent case of *Prather v. Lockwood* (1974), 19 Ill. App. 3d 146, 310 N.E.2d 815, the decedent did not suffer from any mental deficiencies, nor was there an absence of evidence of his life expectancy. Therefore, we find that an award of $8,000 ($5,000 over special damages) is inadequate as a matter of law and that a new trial must be held as to the amount of damages.

■■ Two of the remaining four issues also relate to the first issue of whether the damages were sufficient to adequately compensate the decedent's estate. First, plaintiff argues that defense counsel's remark to the jury concerning the ability of the county to pay a judgment was so prejudicial as to require reversal. We do not agree. An examination of the record reveals that the remarks could have pertained to the risk-burden issue set out in Plaintiff's Instruction Number 24. Therefore, since the trial court is in the best position to determine the prejudicial effect of a remark made during argument, its ruling should be upheld. *Wells v. Gulf, Mobile & Ohio R.R. Co.* (1967), 82 Ill. App. 2d 30, 226 N.E.2d 662.

■■ In his last argument pertaining to the inadequacy of damages, plaintiff alleges the trial court committed reversible error by refusing to admit certain exhibits into evidence—namely, a memoriam to decedent from the student body and faculty of his high school, and a personal tribute from Rodney's class. We find no error. It is clear from the character of the exhibits that they did not actually show Rodney's

characteristics and qualities, and, in any event, decedent's parents' testimony covered these exhibits; therefore, they became mere cumulative evidence. The admission of such cumulative evidence is within the broad discretion of the trial judge. *Woodrick v. Smith Gas Service, Inc.* (1967), 87 Ill. App. 2d 88, 230 N.E.2d 508.

■■ We now turn to a discussion of the other defendant—Bruce Bennett. There are two issues concerning Bennett's responsibility in this matter. First, plaintiff asserts that the jury's verdict was against the manifest weight of the evidence. To support this contention, Long contends that if Bennett had been traveling at a reasonable and proper speed he would have avoided the accident. The evidence, however, indicates that Bennett was acting properly. At the time of the accident, the legal speed limit was 65 and Bennett and a witness estimated the speed of Bennett's car at 55 m.p.h. which does not seem excessive since the weather was clear and sunny. Furthermore, Bennett testified he had not seen the hole earlier and such testimony is not unbelievable in view of other witnesses who testified that there was a slight crest before the hole and that one could not see the hole before hitting it. Thus, we do not find the verdict for Bennett to be against the manifest weight of the evidence.

The final point raised concerns an alleged error by the trial court in refusing a jury instruction in the form in which it was tendered. The trial court deleted the statutory language regarding a hill crest or narrow road from the instruction. This deletion does not amount to error. It is clear that the instruction, as given, accurately apprised the jury of the factors to consider in deciding whether Bennett was negligent.

Affirmed in part; reversed in part, and remanded for a new trial on damages.

GREEN, P. J., concurs.

Mr. JUSTICE WEBBER, concurring in part and dissenting in part:
I concur with my colleagues on all matters in the opinion except that concerning the adequacy of damages.

As the majority acknowledges, the assessment of damages is the particular function of the jury and should not be disturbed except in extreme circumstances. In my judgment this is not such a case.

The award of approximately $5,000 as general damages cannot, even in these inflationary times, be called nominal, as was the situation in *Wallace.* Nor was there proof of support, as there seldom is in the case of minors, as was the case in *Kell.*

The true loss of a child is the bereavement for which no amount of damages can stand as recompense. This was adequately demonstrated to

the jury in this case. If we say in this case that $5,000 is inadequate for a good student who was athletic, intelligent and devoted, we shall be compelled by logic to order a remittitur in some future case wherein the student might be of lesser caliber. This is a thin sheet of legal ice upon which to skate.

I much prefer to leave the matter to the collective wisdom of 12 citizens of the community.

I would affirm the trial court in all respects.