THOMAS TROTTER, Adm'r of the Estate of Constance J. Trotter, Plaintiff-Appellant, *v.* CARMEN M. MOORE, Defendant-Appellee.

Second District   No. 82—348

Opinion filed April 6, 1983.

Bernard P. Reese, Jr., of Reese, Reese & Bagley, of Rockford, for appellant.

Alfred W. Cowan, of Brassfield, Cowan & Howard, of Rockford, for appellee.

JUSTICE LINDBERG delivered the opinion of the court:

Plaintiff, Thomas Trotter as administrator for the estate of Constance J. Trotter, was awarded damages in the amount of $7,000 and $2,125 for funeral expenses by a Winnebago County jury after a directed verdict on the issue of liability against defendant, Carmen M. Moore. Decedent, the 16-year-old daughter of plaintiff, was a passenger in a car driven by defendant at the time of a collision with an automobile driven by Dell E. Bailey in whose favor the trial court directed a verdict denying liability. The decedent died from injuries sustained in the collision. The circumstances of the collision September 12, 1978, are not an issue in plaintiff's appeal and no further reference to those facts is necessary.

Plaintiff raises three issues: (1) the trial court made an instructional error by disallowing the loss of decedent's society to be considered by the jury as an element of pecuniary injuries; (2) the verdict was inadequate as a matter of law; and, (3) the trial court erred in denying prejudgment interest from the date of death to the date of judgment.

Defendant asserts: (1) plaintiff failed to preserve the issue of the trial court's error on the loss of society as a compensable element of damages; (2) the recent supreme court holding in *Elliott v. Willis* (1982), 92 Ill. 2d 530, is limited to the loss of consortium by a widow

and should not be extended to the case at bar; (3) the jury's award was not inadequate; and (4) plaintiff was not entitled to prejudgment interest absent unreasonable or vexatious delay by defendant.

Defendant's contention that plaintiff waived the issue of loss of society by failing to object at the conference on instructions to defendant's tendered instruction on that issue is without merit. There is some language in the record which, when taken out of context, suggests such a conclusion. However, it is clear that at the outset of the trial plaintiff objected to the trial court's striking a provision of plaintiff's amended complaint claiming loss of society and continually objected to the trial court's refusal to permit an instruction or argument on the loss of society as an element of pecuniary loss.

At that time plaintiff directed the court's attention to the then recent decision of *Elliott v. Willis* (1980), 89 Ill. App. 3d 1144, 412 N.E.2d 638 (Trapp, J., dissenting in part), wherein the appellate court, sitting in the fourth district, held that loss of consortium is not precluded as an element of pecuniary loss under the Wrongful Death Act (Ill. Rev. Stat. 1975, ch. 70, par. 1 *et seq.*). Plaintiff indicated that *Elliott* was on appeal to the Illinois Supreme Court.

■ The trial court ruled that it would use the existing Illinois Pattern Jury Instruction (IPI), Civil, No. 31.07 (2d ed. 1971) on the issue and specifically stated it would not follow the appellate court's decision in *Elliott.* It is clear from the record that plaintiff continued his objection to the trial court's position on the issue during the conference on jury instructions and in his post-trial motion. More specifically, as the parties and the court sorted through the several jury instructions bearing on loss of society, it is unmistakably apparent that the trial court was fully aware of plaintiff's desire for his tendered instruction on the subject and the trial court determined that it not be given. The plaintiff's claim of error was preserved.

After plaintiff filed his appellant's brief in this cause, but before the appellee's brief was filed, the Illinois Supreme Court rendered its decision affirming the appellate court in *Elliott.* (*Elliott v. Willis* (1982), 92 Ill. 2d 530.) The supreme court held in *Elliott* that the language of IPI Civil No. 31.07 that indicates that in determining "pecuniary injuries" the jury may not consider "[t]he loss of decedent's society by the widow and next of kin" is no longer valid. (92 Ill. 530, 541.) The court held that its decision allowing juries to be instructed on the loss of consortium by surviving spouse and Wrongful Death Act cases applies to the *Elliott* case and to cases not finally adjudicated by the date its *Elliott* opinion was filed. The instant case is among those not finally adjudicated on the date of the filing of the

*Elliott* opinion.

The supreme court opinion in *Elliott* construed the following instructions:

"In determining 'pecuniary injuries' you may *not* consider the following factors:

1. The pain and suffering of the decedent;
2. The loss of decedent's society by the widow and next of kin;
3. The grief or sorrow of the widow and next of kin." (92 Ill. 2d 530, 533.)

The plaintiffs objected to the language of the second numbered paragraph. The appellate court in *Elliott* agreed with the plaintiffs that the jury should have been instructed on the plaintiff's loss of consortium. The supreme court characterized the issue before it as whether loss of consortium is compensable as a "pecuniary injur[y]" under the Wrongful Death Act. 92 Ill. 2d 530, 534-35.

The parties in *Elliott* acknowledged that "consortium" is unique to the marriage partner (*Mitchell v. White Motor Co.* (1974), 58 Ill. 2d 159, 162), and that it includes society, guidance, companionship, felicity and sexual relations. (*Dini v. Naiditch* (1960), 20 Ill. 2d 406.) The supreme court relied upon its discussion in *Hall v. Gillins* (1958), 13 Ill. 2d 26, 31, that the term "pecuniary injuries" has received an interpretation that is broad enough to include most of the items of damage that were claimed by the plaintiffs in *Hall*. One of those plaintiffs was a child of the decedent. The supreme court in *Elliott* cited with favor its language in *Hall* that " '*** [t]he broad scope of the phrase "pecuniary injuries" is further shown by those cases which hold that in the case of a [surviving] child the jury may take into account the loss of instruction and moral, and physical and intellectual training brought about by the death of the father. [Citations.]' " *Elliott v. Willis* (1982), 92 Ill. 2d 530, 535.

The supreme court has repeatedly held that a jury may award damages for such intangibles as the decedent's felicity and care as a father. (*Allendorf v. Elgin, Joliet & Eastern Ry. Co.* (1956), 8 Ill. 2d 164, *cert. denied* (1956), 352 U.S. 937, 1 L. Ed. 2d 170, 77 S. Ct. 219.) The court in *Elliott* thus concluded that if a child's loss of felicity and care of a father are capable of evaluation as pecuniary injuries it was compelled to conclude that the companionship and conjugal relationship of a spouse are equally compensable as pecuniary injuries. *Elliott v. Willis* (1982), 92 Ill. 2d 530, 538.

We observe that if felicity and companionship, *i.e.*, loss of society as between a decedent and his child (*Allendorf v. Elgin, Joliet &*

*Eastern Ry. Co.*) or a decedent and his spouse (*Elliott v. Willis*), are capable of evaluation, the damages would be no less capable of evaluation where the decedent was a child and the survivors were the next of kin. This analysis is consistent with the observation noted in *Elliott* that whether such damages are classified as "pecuniary" or recognized and allowed as "nonpecuniary" the recent trend among the States is unmistakably in favor of permitting such recovery. (*Elliott v. Willis* (1982), 92 Ill. 2d 530, 538; *Sea-Land Services, Inc. v Gaudet* (1974), 414 U.S. 573, 587, 39 L. Ed. 2d 9, 22, 94 S. Ct. 806, 816, quoting S. Speiser, Recovery for Wrongful Death 218 (1966).) The court in *Elliott* identified several States where recovery has been allowed in wrongful death actions for the pecuniary value of the loss of a decedent's society. *Elliott v. Willis* (1982), 92 Ill. 2d 530, 538.

However, the appellate court (fourth district) recently rendered its decision in *Bullard v. Barnes* (1983), 112 Ill. App. 3d 384, 445 N.E.2d 485. The court interpreted both its holding in *Elliott v. Willis* and that of the supreme court in *Elliott v. Willis* as to not sanction as an element of pecuniary injury the loss of a *child's* society. (*Bullard v. Barnes* (1983), 112 Ill. App. 3d 384, 389-90, 445 N.E.2d 485, 489-90.) The court found a qualitative difference between the "society" of spouses and that of a child. The court observed that there was no common law recovery in Illinois for the loss of a child's society from a nonfatal injury (see *Curtis v. County of Cook* (1982), 109 Ill. App. 3d 400, 440 N.E.2d 942, *appeal allowed* (Docket Nos. 57472, 57473 cons.)). Nor was there a right at common law for wrongful death. The court concluded that there was no common law recovery shortcoming arising from the death of a child which the Wrongful Death Act could be extended to obviate. Finally, the court observed that the supreme court holding in *Elliott v. Willis* was limited to the loss of consortium by a widow.

We agree that *Elliott v. Willis* involved the question of recovery by a widow for loss of consortium under the Wrongful Death Act. However, an analysis of the supreme court's rationale discloses its primary concern to be the ability to quantify the loss in money damages. The court found that the loss of a husband's companionship and sexual relations are not immeasurable. A jury can put a money worth on the elements of consortium. Consortium consists of society, guidance, companionship, felicity, and sexual relations. *Elliott v. Willis* (1982), 92 Ill. 2d 530, 540.

We find no logical qualitative difference between the elements of relationship that exist between children and their next of kin and decedent spouses and their surviving spouse and next of kin. The loss of

society, companionship, and felicity are no less measurable in the one context than in the other.

■ Nonetheless, we are persuaded by the holding in *Bullard* in two particular regards. As the court in *Bullard* observed, the supreme court in its *Elliott* opinion appears to have carefully confined its holding to the fatal loss of consortium to a spouse (92 Ill. 2d 530, 540). Further, we agree with *Bullard* that there is no recovery at common law for the loss of a child's society from a nonfatal injury. Thus, there is no shortcoming for the Wrongful Death Act to obviate where the loss of society arises from the wrongful death of a child. (*Bullard v. Barnes* (1983), 112 Ill. App. 3d 384, 390, 445 N.E.2d 485, 490.) Therefore we affirm the ruling of the trial court that the jury may not consider the loss of a child's society as a pecuniary injury under the Wrongful Death Act.

Next, plaintiff attacks the amount of the jury's verdict, $7,000 compensatory damages and $2,125 funeral expenses, as inadequate as a matter of law. Plaintiff asks that we adopt a "range of reasonableness" (see *Mansfield v. Smithie* (Mo. App. 1981), 615 S.W.2d 649) and conclude that the instant award falls below that standard and mandates a new trial on damages. Plaintiff maintains such a standard is needed particularly for the wrongful death of young people whose earning capacity is largely "speculative." We are directed to *Long v. Bennett* (1977), 55 Ill. App. 3d 50, 370 N.E.2d 627 (Webber, J., dissenting in part), where the majority found an award of $8,000, which was $5,000 in excess of the special damages, as inadequate as a matter of law. There the court reversed and remanded for a new trial on damages.

We share plaintiff's concern about the disparity in amounts of awards by juries upon the wrongful death of young people not dissimilar in circumstances to those of the decedent. It is not a new problem. (See *Wallace v. City of Rock Island* (1944), 323 Ill. App. 639, 56 N.E.2d 636.) We are aware of the decision in the fourth district of the appellate court that an award of $8,000, of which $5,000 was compensatory damages, for the death of a young man with a life expectancy of 54.2 years was inadequate. *Long v. Bennett* (1977), 55 Ill. App. 3d 50, 370 N.E.2d 627.

■■ The amount of damages in a wrongful death action cannot be determined with mathematical certainty and is largely within the discretion of the jury. (*Naslund v. Watts* (1967), 80 Ill. App. 2d 464, 224 N.E.2d 474.) Only the economic contribution to her family that she could be expected to make can be recovered. (Ill. Rev. Stat. 1979, ch. 70, par. 2.) However, a rebuttable presumption arises that dece-

dent's death resulted in a substantial pecuniary loss to the parents (*Wallace v. City of Rock Island* (1944), 323 Ill. App. 639, 641, 56 N.E.2d 636, 637). The presumption was confirmed here by plaintiff's unrebutted evidence. Constance Trotter, the decedent, had set up pricing and cash deals and wrote advertising for an expansion of her father's wholesale food business. It was anticipated she would operate the business sometime in the future. The evidence established a work life expectancy of 44.8 of her life expectancy of 60 years.

■ We cannot say, however, considering all plaintiff's unrebutted evidence, that the jury's award of $7,000 compensatory damages was insubstantial as a matter of law. It cannot be said that $7,000 together with $2,125 for funeral expenses is "nominal" so as to be inadequate. (See *Wallace v. City of Rock Island* (1944), 323 Ill. App. 639, 56 N.E.2d 636.) The compensatory award approved in *Bohnen v. Wingereid* (1979), 80 Ill. App. 3d 232, 398 N.E.2d 1204, was slightly more than double the award in the instant case. However, it was sufficiently less than the $35,000 recommended by plaintiff as the minimum reasonable award for a case of this kind, that *Bohnen* is indistinguishable from the case at bar and we choose to follow it.

■ Additionally, plaintiff claims that the trial court denied its tendered instructions as to the burden of defendant to rebut the presumption of substantial damages to a parent for the loss of a child and thus allowing defendant to argue mitigating elements "without objection from plaintiff." While plaintiff's argument is somewhat obtuse we conclude that defendant's burden to rebut the presumption was accurately conveyed in plaintiff's instruction No. 15A (IPI Civil No. 31.03 (modified)). Plaintiff cites no authority for requiring the trial court to further define terms used in plaintiff's instructions and we find none. We agree with defendant that plaintiff's rejected supplementary instructions were cumulative and argumentative.

■ Nor does plaintiff cite any authority for its claim of error in the trial court's refusal to admit exhibits of decedent's bulletin board, memorabilia and certain photographs of her and the court's disallowing a lone photograph of decedent from going to the jury. Plaintiff raises these issues without argument or citation of authority. Nonetheless we conclude that the denial of admission of such exhibits is within the discretion of the trial court (*Long v. Bennett* (1977), 55 Ill. App. 3d 50, 370 N.E.2d 627), and the court did not abuse its discretion.

■ Finally, we conclude it was not error to deny plaintiff prejudgment interest absent vexatious or unreasonable delay by defendant which again is argued without the benefit of citation to authority. The trial court correctly denied plaintiff's request for prejudgment inter-

est. *Schulz v. Rockwell Manufacturing Co.* (1982), 108 Ill. App. 3d 113, 438 N.E.2d 1230.

The judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

VAN DEUSEN and NASH, JJ., concur.