A. W. ZIEGLER *et al.* Appellees, *vs.* R. T. GILLIATT *et al.* Appellants.

*Opinion filed June 16, 1914.*

APPEALS AND ERRORS—*when question of the validity of an order organizing drainage district is not presented.* Where there is no appeal or writ of error brought to review a final order organizing a drainage district, the question of the validity of such order is not presented on an appeal from a subsequent assessment proceeding, under sections 60 and 61 of the Levee act, to correct an irregularity in the original assessment roll in failing to notify a land owner of the hearing on the original assessment roll.

APPEAL from the County Court of Lawrence county; the Hon. JASPER A. BENSON, Judge, presiding.

F. C. MESERVE, and S. J. GEE, for appellants.

GEORGE W. LACKEY, and McGAUGHEY & TOHILL, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Lawrence county confirming a special assessment for benefits against the lands of appellants and others in the Ambraw River Drainage District. Preliminary steps for the organization of this district under the Levee act were taken in the county court in September and October, 1909, and three commissioners appointed, the cause being continued from term to term until July 18, 1910, when a final

order was entered establishing the district. Afterwards, September 17, 1910, the commissioners filed their assessment roll in said court and gave notice to persons interested as to the time for empaneling a jury to assess benefits and damages. Emma E. D. Gant owned the land here in question at the time of the organization of this district. She was a non-resident, living in Indiana. A proper notice was given to her as a non-resident, under the statute, as to the organization of the district, but the notice to her was not given, as required by statute, of the hearing on the assessment roll. After that original assessment roll was confirmed she conveyed the lands here in question,—about two hundred acres,—to appellants. This assessment proceeding was instituted in the county court under sections 60 and 61 of the Levee act, to correct the irregularities in the original assessment roll in failing to notify Emma E. D. Gant. Appellants, as the present owners of the land in question, appeared in court at the December term, 1913, and objected to this assessment upon the ground, among others, that the district was not legally organized. The trial court overruled the objections, and on a hearing before the jury the assessment was confirmed and judgment entered accordingly.

The sole question urged here is whether the district was legally organized. The order organizing the district was final under section 16 of the Levee act, and no appeal or writ of error was taken from that order. An appeal is purely a statutory right and must be exercised in accordance with the statute. (*Anderson* v. *Steger,* 173 Ill. 112.) This appeal only brings up for review the proceedings to levy this assessment on the lands here in question. (Hurd's Stat. 1913, chap. 42, sec. 61, p. 942; *Drummer Creek Drainage District* v. *Roth,* 244 Ill. 68, and cases cited; *Ellguth* v. *Ellguth,* 250 id. 214; *Lantz* v. *Lantz,* 261 id. 194. See, also, *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *Drainage District,* 213 Ill. 83.) So far as we

can judge from this record, the most that can properly be urged against the order organizing the district is that it was erroneous and not void.

The question of the legality of the organization of the district not being before us on this appeal we need not consider the other questions raised in the briefs, as to whether such organization can be questioned at this time because of the running of the Statute of Limitations, or because the decision of this court in *People* v. *Whittaker*, 254 Ill. 537, held the district legally organized.

The judgment of the county court must be affirmed.

*Judgment affirmed.*