26

## Marvel Golliday, Respondent, v. City of Alton, Petitioner.

Opinion filed September 6, 1934.

WM. P. BOYNTON, for petitioner.

KARL KING HOAGLAND, for respondent.

MR. JUSTICE MURPHY delivered the opinion of the court.

Marvel Golliday, hereinafter referred to as appellee, filed her suit in the city court of Alton against the City of Alton, hereinafter referred to as appellant, to recover damages for personal injuries.

The case was tried in November, 1933, resulting in a verdict for appellee in the sum of $79. Upon the return of the verdict, appellee filed her written motion for a new trial. It was argued before the court and taken under advisement until February 7, when an order was entered setting aside the verdict and granting a new trial. After the lapse of more than 30 days from the entry of the order and on March 27, appellant filed its petition in this court asking leave to appeal from the order granting the new trial.

Appellee has filed a motion to dismiss appellant's petition and in support thereof urges two grounds, viz., First. This cause of action accrued in 1932; suit was filed in 1933; a trial was had, verdict returned and motion for new trial was made prior to January 1, 1934, the date the Civil Practice Act, Cahill's St. ch. 110, ¶ 129 et seq., went into effect. Secondly, the petition for leave to appeal was not filed within 30 days from the date the order granting a new trial was entered.

By section 77 of the Civil Practice Act, Cahill's St. ch. 110, ¶ 205, an order granting a new trial is, under the conditions therein set forth, made an appealable order.

The Supreme Court pursuant to the provisions of said Act did on December 22, 1933, adopt certain rules of procedure of which Rule 1, 355 Ill. 13, provides that "All provisions of the Civil Practice Act with respect to review in civil proceedings by the Supreme or Appellate Courts shall apply to orders, determinations, decisions, judgments or decrees entered by trial courts on or after January 1, 1934."

It will be observed that by this rule, the application of the Civil Practice Act to appealable orders is fixed by the date on which the order appealed from is entered. The date of filing the suit, the return of the verdict or the making of the motion for a new trial have no bearing on the question.

The order granting a new trial, entered February 7, 1934, was an appealable order under the Civil Practice Act and Rule 1 of the Supreme Court and reviewable in this court, if appellant had complied with the act and rules of the Supreme Court in reference to making application for leave to appeal.

The Civil Practice Act does not give an absolute right of appeal from an order granting a new trial. By section 77, which regulates the matter of appeal from such an order, it is provided that no appeal may be taken in such a case except on leave granted by the reviewing court, or by a judge thereof in vacation. The further restriction in said section upon the right of appeal is that leave to appeal can only be granted by the reviewing court or a judge thereof in vacation within 30 days from the date after the entry of the order. By the second paragraph of Rule 30, 355 Ill. 30, the Supreme Court has made provision whereby the reviewing court or any judge thereof in vacation may extend the time for filing transcript of record, abstract and for granting leave to appeal but under said rule such extension cannot be granted except upon notice, and motion made in the reviewing court within 30 days after the entry of the order granting the new trial.

In our opinion the right of appeal from an order granting a new trial is controlled by section 77 and Rule 30 and the other sections of the act in reference to the time for perfecting appeals generally and Rule 29 of the Supreme Court which provides that petitions for leave to appeal shall be filed within one year after the entry of the order have no application to an appeal from an order granting a new trial.

Appellant did not file motion for extension of time and did not present his petition for leave to appeal within 30 days after the entry of the order.

The right to have a case reviewed on appeal was unknown at the common law and exists only by virtue of statutory enactment. *Anderson v. Steger,* 173 Ill. 112; *Ziegler v. Gilliatt,* 263 Ill. 587. The right of appeal is conferred by statute and is not a constitutional right. *Union Drainage Dist. No. 6 v. Dupuis-Granger Drainage Dist. No. 11,* 313 Ill. 37; *Drainage Com'rs of Town of Niles v. Harms,* 238 Ill. 414.

The legislature in making provision for this right of appeal had the right to prescribe the terms upon which it could be taken and the time within which application for leave to appeal should be made and a party who wishes to avail himself of such right must conform to the terms prescribed by statute and rules of court adopted pursuant to such statute. *Coal Belt Electric Ry. Co. v. Kays,* 207 Ill. 632; *Conklin v. Tobey,* 224 Ill. App. 142; *Berkel v. Schmitt,* 244 Ill. App. 437.

For the reasons assigned, appellant's petition for leave to appeal will be dismissed.

*Petition dismissed.*