Paul Clayton Carter et al., Appellees, v. Ray Geeseman, Appellant.

Gen. No. 9,169.

October term, 1938.    Heard in this court at the
Opinion filed January 15, 1940.

TAFF & PUTMAN, of Canton, for appellant.

BURNETT M. CHIPERFIELD, CLAUDE E. CHIPERFIELD and ROBERT B. CHIPERFIELD, all of Canton, for appellees; CHIPERFIELD & CHIPERFIELD, of counsel.

MR. JUSTICE FULTON delivered the opinion of the court.

This is an appeal from an order of the circuit court of Fulton county, setting aside the verdicts of a jury rendered in said cause and granting plaintiffs' motion for a new trial. There were eight plaintiffs in the cause; each seeking to recover damages either to person or property, which they claim were caused by the negligence of the defendant in the operation of his automobile. In his petition for leave to appeal the defendant contends that the trial court abused its discretion in granting a new trial and thereby deprived the defendant petitioner the benefit of a trial by jury. It is the theory of the plaintiffs appellees, that the verdict of the jury was wholly and entirely opposed to the weight of the evidence and that the court properly awarded a new trial. The record discloses the opinion of the trial court and his reasons for granting a new trial.

The evidence shows that the defendant Geeseman on May 26, 1937 was driving his automobile in an easterly direction on State Route No. 9, about seven miles west of Canton, Illinois, at the rate of approximately 15 miles per hour, and intended to go to the farm home of his brother on the north side of said highway by means of a driveway connecting with the said hard road where the accident in question later took place. Traveling behind him and in the same

direction was a Dodge pick-up truck driven by the plaintiff Eleanor Carter, and following the Carter truck was a Chevrolet sedan driven by the plaintiff Palmer. Geeseman, the defendant was driving alone. In the truck seated on the front seat with Mrs. Carter was Mrs. Dilts at her side and Betty Miller on the outside. In the rear of the truck, seated in the bottom of the truck, facing the west were Mr. Dilts and Mr. Carter. Each of the ladies held a small child on her lap. In the Palmer car was Mr. Palmer, who was driving, Mrs. Palmer to his right and three ladies riding in the rear seat. As Geeseman approached the scene of the accident he slowed down to about 10 or 12 miles per hour and turned to the left with the intention of entering the private driveway extending to his brother's residence. The Carter truck was traveling 25 to 30 miles per hour as it approached the scene of the accident and when it was about 50 or 60 feet to the rear of the Geeseman car, started to pass the defendant by driving to the left side of the roadway. As Geeseman was proceeding to enter the driveway and while his car was still on the pavement the left rear of his car was struck by the Dodge pick-up truck. When the two cars stopped their positions were such that there was not sufficient space for a car to pass between them, and the Palmer car collided with the other two cars. Plaintiffs' theory is that Geeseman was negligent in failing to give any signal of his intention to turn to the left as required by the Motor Vehicle Act. Paragraph 162 of ch. 95½ [Ill. Rev. Stat. 1939; Jones Ill. Stats. Ann. 85.194].

The testimony of the plaintiffs tended to show that shortly before the collision there was a distance of about 50 or 60 feet between the Geeseman car and the Carter truck, and about the same distance between the truck and the Palmer car; that the other two cars were gaining upon the Geeseman car; that about the time the defendant made the turn to the left the Car-

ter car was from 10 to 25 feet behind him. The three ladies in the front seat of the truck and Mr. and Mrs. Palmer all testified that no warning signal was given by Geeseman of his intention to turn to the left. Palmer and his wife testified that they were driving about 40 miles per hour just before the accident and that they heard the Carter car sound its horn and pull to the left side of the road for the purpose of passing the Geeseman car; that Palmer also pulled his car to the left side of the road with the intention of passing when the Carter car had passed.

Geeseman testified that he extended his left arm out horizontally from a point 300 to 500 feet west of the driveway and began to slow down to make the turn; that when he first observed the other two cars the Carter truck was traveling about 30 to 35 miles per hour and the Palmer car 60 miles per hour, and both gaining upon him rapidly; that having given the warning signal, he assumed his intention to turn into the driveway was known to those following and made the turn into the driveway; that he observed nothing about the Carter truck to indicate its driver intended to pass on the left. Arthur Churchill, a witness for the defendant, corroborated Geeseman with reference to the speed of the cars and on cross-examination stated that at the time the Geeseman car turned to the left the Carter car was probably 30 feet behind him.

The primary reason assigned by the trial court for granting a new trial was because the statute above referred to as applied to the defendant required that "No person shall turn a vehicle from a direct course upon a highway unless, and until, such movement can be made with reasonable safety"; that Geeseman knew the Carter car was approaching him rapidly at the rate of 30 miles per hour and that the duty rested on Geeseman to ascertain if he could make the turn with reasonable safety; that from the undisputed facts the minds of all reasonable men would reach a con-

clusion that a car could not be turned with reasonable safety under such conditions. The court further reasoned that there were eight plaintiffs, some of whom were passengers in the truck or car, and that negligence of the driver could not be imputable to them. He further stated that on account of the suddenness with which the Geeseman car turned and with which the collision occurred it could not be said that the passengers were negligent in failing to caution the driver that she was driving the truck into a dangerous position.

In considering this appeal from an order of the trial court in granting a new trial we are not unmindful that the Supreme Court have said that the question of contributory negligence is one preeminently for the consideration of a jury, as such negligence cannot be defined in exact terms, and unless it can be said that the action of a person is clearly and palpably negligent, it is not within the province of the court to substitute its judgment for that of the jury. *Blumb v. Getz,* 366 Ill. 273.

Prior to the enactment of the new Civil Practice Act the application for a new trial was addressed to the judicial discretion of the trial court. In *Belden v. Innis,* 84 Ill. 78, the court said that in all cases where a verdict is manifestly and palpably against the weight of the evidence, the judge in the trial court should promptly take the responsibility of setting aside the verdict, and a failure to do so is error. In *Donelson v. East St. Louis & S. Ry. Co.,* 235 Ill. 625, the court stated the rule as follows: ''The constitution, which provides that the right of trial by jury as previously enjoyed shall remain inviolate, does not make the jury the final judges of the weight of the evidence. . . . It is the duty of the trial judge to set it aside and grant a new trial, and a failure to do so is error, for which a judgment must be reversed.''

Since the passage of the new Civil Practice Act, the discretion exercised by a trial court, where it grants a new trial, is now subject to review, and the right to appeal from such an order is controlled by section 77 of said act and by Rule 30 of the Supreme Court. *Golliday v. City of Alton*, 277 Ill. App. 26; *Wettaw v. Retail Hardware Mutual Fire Ins. Co.*, 285 Ill. App. 394. Since the adoption of said Supreme Court rule and the passage of said act, cases on appeal where it was contended that the trial court erred in granting a motion for a new trial have frequently been reviewed by our Appellate Courts and they have uniformly held that where such motions are based on questions of fact arising at the trial, a court of review will not interfere with the order granting the new trial unless the record shows a clear abuse of discretion of the trial court in granting the motion. *Village of La Grange v. Clark*, 278 Ill. App. 269; *Tone v. Halsey, Stuart & Co., Inc.*, 286 Ill. App. 169.

In *Gavin v. Keter*, 278 Ill. App. 308, the court said "A trial court has more latitude than this court in passing upon the verdict of a jury. The allowance or refusal of a new trial on the weight of the evidence is peculiarly within the discretion of the trial court and he is warranted in granting a new trial if a plaintiff has failed to sustain his claim by a preponderance of the evidence. In passing upon the question as to whether or not the trial court in such case was justified in granting a new trial, we must bear in mind that there are many things which a trial judge observes on a trial that do not appear from the printed record,— the appearance of a witness, his or her manner of testifying, and other circumstances that greatly aid the trial court in determining the credibility of a witness and the weight, if any, that should be attached to his or her testimony."

After a full examination of the testimony and considering the very close question of whether or not the

defendant Geeseman could make the left turn in this case with reasonable safety under the conditions disclosed by the record, we do not feel justified in setting aside the order of the trial court granting the plaintiffs a new trial. The order of the circuit court of Fulton county granting the plaintiffs a new trial is therefore affirmed.

*Affirmed.*