**Chris Lamberes, Plaintiff-Appellee, v. Northern Cartage Company, Defendant-Appellant.**

Gen. No. 50,496.

First District, Fourth Division.

August 30, 1967.

Leroy A. Garr, of Chicago (Sidney Z. Karasik, of counsel), for appellant.

Barry M. Synchef, of Chicago (Earl B. Lichten, of counsel), for appellee.

MR. PRESIDING JUSTICE ENGLISH delivered the opinion of the court.

From a judgment for property damage entered in favor of plaintiff after a nonjury trial, defendant appeals, making the point, among others, that plaintiff was contributorily negligent as a matter of law, and that the judgment should therefore be reversed.

The facts will be taken from plaintiff's own testimony. On the morning of May 27, 1963, plaintiff was driving his 1959 Chevrolet south on Lawndale Avenue, approaching the intersection of 83rd Street in Chicago, in a light drizzle, with his windshield wipers in operation. One Ray Velde was driving a truck, moving from plaintiff's right in an easterly direction along 83rd Street. (It was alleged in the Statement of Claim that the truck was owned by defendant.) Plaintiff was proceeding at the "regular neighborhood speed" of twenty to twenty-five miles per hour. When he first saw the truck, it was about one-quarter of a block away from the intersection and was also travelling at twenty to twenty-five miles per hour. At that time plaintiff was from seven to eight feet north of the north crosswalk and proceeded into the intersection at the same rate of speed. He applied his brakes before the impact with the truck and skidded on the wet surface about ten feet. In plaintiff's presence a policeman measured plaintiff's skid mark as 30 to 35 feet. The collision occurred in or near the middle of the intersection, with the right front fender of plaintiff's car in contact with the left front fender of the truck.

312

We have here a classic intersection collision situation. This is precisely the kind of case which prompted enactment of the statute to control vehicles entering intersections. Ill Rev Stats 1961, c 95½, § 165. That statute reads in pertinent part:

Vehicles approaching or entering intersection

. . . . . .

(b) When two vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right.

■ Any reasonable reading of plaintiff's testimony compels a finding that he acted in flagrant violation of the governing right-of-way statute, and was thus guilty of contributory negligence as a matter of law.

Defendant cites numerous cases, but since our proper conclusion is, we believe, an obvious one, we shall make reference to only one such case. In Hoff v. Donaldson, 184 F2d 419, 421 (7th Cir, 1950), the court set forth the Illinois law on this subject:

As was aptly stated in McCarthy v. Fadin, 236 Ill App 300, 301:

"When plaintiff approached the intersection it was his duty under this rule to look toward his right to ascertain if any other automobile was approaching the intersection to which he should yield the right-of-way. Plaintiff says he did look to the north and saw defendant's car when it was 125 feet away, but without observing the speed at which it was approaching the intersection he proceeded on his way. The law cast upon him an affirmative duty to keep out of defendant's way. That means he should have

observed the speed of the other car, and, if necessary, he should have slowed down or stopped or, reversed, in order that the other car might cross. . . .

"It is obligatory upon the drivers of automobiles to observe this rule of the right-of-way, and if one ignores and violates this and an accident results thereby, he has been guilty of contributory negligence which bars any recovery from the other party for resulting damages."

The court in the case just cited makes an observation with which we are in hearty accord. The court stated, "In the interest of safety upon our streets, this rule cannot be too strongly emphasized and rigorously enforced." . . . Obviously, two cars or other objects cannot occupy an intersection space at the same time and when both are approaching one or the other must yield or a collision will inevitably result. The law of Illinois has placed the duty of yielding upon the one approaching from the left, and a person who fails to recognize such duty without an excuse or reason, . . . should not be permitted to recover from a person approaching from the right who is entitled to assume that the right-of-way is his. Any other view would magnify the hazard which lurks at the point of intersecting highways.

■ In the case before us it also appears that there was no properly admissible evidence to establish the ownership of the truck or any agency relationship between the truck driver and defendant. (These facts were alleged by plaintiff but denied in defendant's answer.) Over defendant's timely objection, plaintiff was permitted to make such proof by calling the truck driver for

cross-examination under section 60 of the Civil Practice Act. Ill Rev Stats 1961, c 110, § 60. This was not allowable, because a truck driver is not included in the types of persons who may be called as adverse witnesses under that statute. The truck driver was not shown to have been an officer, director, managing agent, or foreman of the defendant.

The judgment of the Circuit Court is reversed with judgment here for defendant.

Reversed.

DRUCKER and McCORMICK, JJ., concur.