**Alice Zielinski, Plaintiff-Appellant, v. Goldblatt Bros., Inc., a Corporation, Defendant-Appellee.**

**Gen. No. 52,978.**

First District.

May 16, 1969.

Sudak & Grubman, and Maxfield Weisbrod, of Chicago, for appellant.

Richard C. Conklin and Thomas W. Dempsey, of Lord, Bissell & Brook, of Chicago (Joseph Samuels, of counsel), for appellee.

STOUDER, P. J.

Plaintiff-Appellant, Alice Zielinski, commenced this action in the Circuit Court of Cook County seeking to recover damages for personal injury based on the alleged negligence of Defendant-Appellee, Goldblatt Bros., Inc. The jury returned a verdict in favor of plaintiff for $8,500 upon which judgment was entered. Plaintiff moved in her post-trial motion for a new trial on the issue of damages only, alleging the award inadequate. Such motion was denied and plaintiff has appealed. No cross appeal has been filed.

This action arises out of an incident occurring on February 26, 1961, when the plaintiff fell on the premises of defendant. The details of the incident are not material to this opinion. It is sufficient to say that the issues relating to negligence, i. e., defendant's failure to provide safe ingress and egress to the premises, inadequate lighting, and lack of guards or other supervisory personnel as well as plaintiff's contributory negligence, were vigorously contested issues. Medical testimony was presented by plaintiff concerning the nature and extent of an injury to her foot resulting from the fall. Evidence was also introduced of medical and hospital expenses, loss of

wages from unemployment and other expenses, both past and future.

In seeking to reverse the judgment of the trial court, plaintiff argues she is entitled to a new trial on the issue of damages only because the damages awarded by the jury were demonstrably inadequate. As a procedural matter it should be noted that no question is raised on this appeal concerning the granting or denying of a new trial generally. Plaintiff has limited her appeal to the narrower issue of entitlement to a new trial on the sole issue of damages.

It is well settled that new trials may be granted where the jury has awarded inadequate damages. Kilmer v. Parrish, 144 Ill App 270. An inadequate award may indicate the jury erred in following the instructions on damage. Browder v. Beckman, 275 Ill App 193. It is also well settled that in a proper case inadequate damages may be the basis of awarding a new trial on the issue of damages only. Paul Harris Furniture Co. v. Morse, 10 Ill2d 28, 139 NE2d 275. Where no error is claimed in the instructions or in the admission or exclusion of evidence, it is axiomatic that courts are and should be reluctant to disturb jury verdicts, the assessment of damages being peculiarly within the jury's province.

Plaintiff insists that the verdict in the instant case was inadequate and argues the verdict for $8,500 is substantially less than the undisputed special damages or plaintiff's out-of-pocket loss of $15,575. Since plaintiff's conclusion of inadequacy depends upon her characterization of the evidence as undisputed, which characterization is denied by defendant, a summary of the evidence relating to damages is required.

After plaintiff was injured on February 26, 1961, she was hospitalized for twelve days during which time certain bones of her foot were pinned and her foot was encased in a cast. After the cast had been removed, she

was told by her physician in August, 1961, (22 weeks after injury) that she was able to return to work. Her medical and hospital expenses totaled $994 and her loss of wages for the 22 weeks amounted to $1,522. No question is raised by the evidence concerning the reasonableness or the amounts of the aforementioned items and these items may be characterized as undisputed.

With respect to plaintiff's additional claim for loss of wages for a period of 35 weeks, it appears from the record that although plaintiff was able to return to work after the first week in August, 1961, she did not do so until September 17, 1961. Plaintiff claims that her failure to work during this period was the result of her injury but the evidence also shows that the employer for whom she had worked at the time of her injury had moved from the area in which plaintiff lived and it does not appear that she sought to resume her employment with such employer. Plaintiff commenced work for the G-M Laboratories on September 17, 1961 (purportedly on a 90-day probationary period) and worked for this company until November 17, 1961. Plaintiff claimed that her termination of employment with this company was on account of her injury but it also appears that this company moved out of the area in which plaintiff lived. Nearly 5½ months later on May 8, 1962, plaintiff commenced working for the Stewart Warner Company at its plant near where she lived and her employment with such company continued from that time until the time of trial, nearly 5½ years. During the period between November, 1961, and May, 1962, plaintiff had applied for unemployment compensation. In her itemization of wages lost she included three weeks during the 5½-year period of her present employment, describing the reason therefor as "bad weather." Based on the foregoing, plaintiff's itemization of special damages included an additional 35 weeks for lost wages in the amount of $2,422.

Prior to examinations conducted by her physicians preceding the trial, plaintiff had last seen a physician in January, 1962. In the intervening period of nearly 5½ years, it does not appear from the record that plaintiff has seen any physician concerning her condition or concerning any ill health. During this period she testified to the purchase of shoes, insoles, house slippers, Dermassage, Empirin and elastic bandages, the cost of which she testified was $211 per year. Based on her life expectancy of 28.3 years, her itemization of special damages extrapolated such item to $5,971.

Plaintiff's treating physician, who last saw plaintiff in January, 1962, testified that at the time plaintiff's recovery had been good. However, when he reexamined plaintiff nearly 5½ years later, he was surprised to find the foot deformed and diagnosed the condition as primarily traumatic arthritis. Medical testimony indicated that there was an operation which might relieve the condition, the cost and expense related thereto being estimated at $2,500.

The foregoing evidence of damage was properly submitted to the jury and tended to prove plaintiff's claim therefor. However, it does not have that certainty from which all reasonable minds would conclude that the amounts claimed were reasonable or that they were related to the injury sustained. There appears to be no particular dispute concerning the periods of plaintiff's unemployment after August, 1961, but it may be reasonably inferred from plaintiff's own testimony that her lack of employment may have been due to causes other than her injury. The expenses claimed for shoes, etc. totaling $5,971, is likewise subject to conflicting inferences. The amounts which are at best estimates, do not necessarily represent expenses solely attributable to the injury. To extend an estimated annual expense not

clearly related to her injury, may have been viewed with substantial reservation by the jury, a reservation which is clearly not unreasonable. The last item related to future medical expenses is also not clearly established by the evidence. There is no indication that the plaintiff intended or expected to undergo the operation and her unexplained failure to secure medical advice for nearly 5½ years before the trial could have influenced the jury. In addition, it should be noted that the medical testimony, based on the pretrial examination, indicated that plaintiff's condition was to some extent related to a condition of flat feet existing prior to the injury.

■ In summary, the evidence relating to special damages, pain, suffering and permanency of injury, is susceptible of widely varying inferences. Haleem v. Onate, 71 Ill App2d 457, 219 NE2d 94. Such evidence viewed most favorably to plaintiff, would have supported a substantially larger verdict. Viewed most favorably to the defendant such evidence amply supports the verdict of the jury and accordingly such verdict is not demonstrably inadequate.

For the foregoing reasons the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

ALLOY and RYAN, JJ., concur.