Lorraine Vilardo, as Administratrix of the Estate of Gustave Vilardo, Deceased, Plaintiff-Appellee, v. Public Taxi Service, Inc., and Otis Ortega, Defendants-Appellants.

Gen. No. 53,564.

First District, First Division.

December 15, 1969.

Irvin Tischer, of Chicago, for appellants.

Cohen & Wollack and Epton, McCarthy, Bohling & Druth, of Chicago (Ray Jeffrey Cohen and Bernard E. Epton, of counsel), for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

This is an action prosecuted by an administratrix for personal injuries sustained by plaintiff's decedent in a collision between the decedent's automobile and defendant's taxicab on February 1, 1962. The original complaint was filed by Gustave Vilardo on September 7, 1962. He was later killed in a train accident on February 10, 1966. His wife was appointed administratrix of his estate and substituted as the plaintiff in this suit. The jury returned a verdict for the plaintiff in the amount of $2,200 upon which the court entered judgment and the defendant appeals. It is the defendant's sole contention, on appeal, that there was no evidence of injury to the plaintiff resulting from the accident and thus no damages for personal injuries could be awarded.

According to the evidence, the defendant's taxicab driver drove around a double-parked car and then attempted to return to his lane. Because of snow and ice, the rear of his cab smashed into the front of the plaintiff's car which had been stopped and was not moving. When plaintiff left his car, he was holding his head. The front part of plaintiff's car was badly damaged. Plaintiff's wife testified that when he left home the morning of the accident he was very well. When she saw him later in the day, he was in a hospital and appeared nervous and upset. He remained in the hospital for five days. His doctor examined him at the hospital for a

week thereafter. He was home from work for about two weeks after he left the hospital and to a certain extent was bedridden. His wife gave him pills prescribed by the doctor.

The defendant argues that the facts that the plaintiff's decedent was in a hospital, incurred medical bills, lost time from work and took pain pills, were not shown by the evidence to be connected to the accident. We are not in accord with this contention. The jury could find that plaintiff's decedent who was in good health, was hospitalized shortly after a violent automobile collision. The jury could also find that the decedent was in the hospital for five days, remained away from work for two weeks and took pain pills as a result of the accident.

 Evidence of a condition of good health prior to an accident and illness and poor health immediately following it, is sufficient evidence from which a jury may legitimately conclude that the latter condition was caused by the accident. Roewe v. Lombardo, 76 Ill App2d 164, 174, 221 NE2d 521, 526; Knipping v. Chicago Tel. Co., 184 Ill App 48. Plaintiff was not required to disprove every alternative hypothesis suggesting a cause other than negligence in order to recover. May v. Columbian Rope Co., 40 Ill App2d 264, 273, 189 NE2d 394, 398. We hold that plaintiff presented sufficient evidence of injuries and damages sustained by plaintiff's decedent as a result of the accident to support the jury's verdict.

The judgment of the Circuit Court is therefore affirmed.

Affirmed.

ADESKO, P. J. and MURPHY, J., concur.