JENNIE DAVIS, Plaintiff-Appellant, *v.* YELLOW CAB Co. *et al.*, Defendants-Appellees.

(No. 54239;

First District—May 24, 1971.

Mitgang & Levine, of Chicago, (John B. Schwartz, of counsel,) for appellant.

Jesmer & Harris, of Chicago, (Julius Jesmer and Ronald Jay Gold, of counsel,) for appellees.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

In this action for personal injuries involving a rear end automobile collision, defendants accepted liability and the issue of damages was submitted to the court. After trial, judgment was entered for plaintiff in the total amount of $6,509.10. This represented special costs, such as medical and hospital bills, of $1,509.10, and $5,000.00 for pain and suffering, past and future, including the possibility of future surgery. The court denied plaintiff's claim for loss of earnings. Plaintiff has appealed and now claims alternatively a new trial for damages only or an additur for loss of earnings.

The assessment of unliquidated damages is traditionally a factual problem which is particularly and peculiarly within the province of the jury or other trier of fact. This court will reverse determinations as to the amount of damages only when the award is patently improper. We may not substitute our judgment for that of the trier of fact with reference to the amount of damages to be awarded in any particular case. (*Olson v. Fleetwood,* 116 Ill.App.2d 411, 417; *Stephenson v. Air Products and Chemicals, Inc.,* 114 Ill.App.2d 124, 138; *Diefenbach v. Pickett,* 111 Ill.App.2d 80, 88; *Blyzes v. Midwest Towing Co., Inc.,* 109 Ill.App.2d 48, 55.) However, it is equally well settled that where the assessment of damages is manifestly inadequate, or where it appears that important elements of damages have been disregarded or overlooked, this court may then, at its discretion, order a new trial on the issue of damages. (*Zielinski v. Goldblatt Brothers,* 110 Ill.App.2d 248, 250; *First National Bank of Elgin v. Szwankowski,* 109 Ill.App.2d 268, 276; *Hamas v. Payne,* 107 Ill.App.2d 316, 325.) A determination of the category into which this case must be classified requires a review of the evidence.

Plaintiff testified in her own behalf. She also called her husband, her

son and five qualified physicians including two specialists in orthopedics. The defendants offered no evidence. The occurrence took place on January 9, 1964. At that time, plaintiff was about 43 years old. She was in fine health, without problems in her back and neck and not subject to headaches or dizziness. Plaintiff was examined by her family physician on the day of the mishap. He found that she suffered from a whiplash injury of the neck, strained back muscles, headaches and dizziness. Plaintiff was hospitalized for nineteen days. Two days after leaving the hospital, at the suggestion of her physician, she was examined by one of the orthopedists. He found that she still suffered from neck and back spasms. An X-ray examination showed a narrowing of the disc between two vertebrae in the lower or lumbar region of the back.

Plaintiff also consulted a specialist in the vestibular field for her headaches and dizziness. Medication prescribed by this doctor caused considerable improvement in these conditions. In October, 1964, plaintiff consulted another orthopedic specialist. He reviewed the X-ray taken during January of that year. He found that the problem relating to her neck was minimal but that she was suffering from an abnormal condition of the lower back.

Plaintiff continued a course of treatment with these physicians at varying times through the years 1964 to and including virtually all of 1967. She was examined and treated approximately 25 times by her physicians from the occurrence to the end of 1967. However, this tapered off during 1968 when she visited the vestibular specialist and an orthopedic specialist on one occasion each. Her last visit to the orthopedic surgeon occurred during March of 1969, approximately one month prior to trial.

The unimpeached and completely uncontradicted opinions of these medical experts establish that plaintiff suffers from a degeneration of a lumbar disc which was the result of trauma; that this condition is permanent unless remedied by surgery; and, of paramount importance here, that plaintiff was physically unable to carry on her customary work as a cook or domestic from the date of the occurrence to and including 1967, a period of four years. One orthopedic specialist expressed the opinion that even in 1969 she could perform work as a cook or domestic only with great difficulty. It follows necessarily that plaintiff is entitled to an assessment of damages for loss of earnings during the period from 1964 to 1967, inclusive. Compare, *Vilardo v. Public Taxi Service, Inc.,* 118 Ill.App.2d 62.

■■ The evidence shows that plaintiff worked as a cook, waitress and domestic prior to this occurrence. In May of 1963, she opened a small restaurant where she acted as cook. However, she never returned to work at this place which closed January 15, 1964, six days after the

occurrence. Plaintiff testified that she was familiar with the earnings of cooks in the Chicago area from 1964 to 1966. She placed this figure at $100.00 to $150.00 per week. In April of 1963, plaintiff worked in a restaurant as a cook and waitress for a salary of $75.00 per week plus tips which brought her earnings to $100.00 per week. Plaintiff testified that she was unable to perform work of any kind for a long time after she was injured. In May or June of 1964, she worked as a cook for one week but could not continue. Similarly, she worked for one week as a cook in 1965 and then was obliged to stop. She earned $75.00 for her week of work in 1964. In 1966, she was physically able to work only three days for which her earnings were $20.00 per day.

Plaintiff's claim for the value of wages and earnings lost is to be differentiated from loss of profits from operation of the restaurant. We agree with the trial court that the latter claim is not substantiated by the evidence. However, since plaintiff is entitled to assessment of damages in a reasonable amount for the value of wages and earnings lost, this is a proper situation for us to exercise our authority to "order a partial new trial." 43 Ill.2d Rule 366(a)(5).

Therefore, the finding by the court of defendants' liability, based upon their acceptance thereof, is affirmed but we reverse the judgment and remand the cause to the Circuit Court with directions that a partial new trial be conducted on the sole issue of wages and earnings lost by plaintiff and that judgment be entered for plaintiff in the amount of damages already assessed by the court ($6,509.10) plus such additional amount for lost earnings and wages as the court shall find proper.

Reversed and remanded with directions.

BURKE, P. J., and LYONS, J., concur.