BENE A. TANENBAUM, Plaintiff-Appellant, v. C. B. LOVELESS et al., Defendants-Appellees.

(No. 57313;

First District (3rd Division)—November 29, 1973.

Ordower & Ordower, of Chicago, for appellant.

Tom L. Yates, of Chicago (Delbert T. Been, of counsel), for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

This action was brought in the circuit court of Cook County to recover damages for personal injuries sustained by the plaintiff, Bene A. Tanenbaum, when a vehicle operated by her was struck by a vehicle owned by defendant, The Hertz Corporation, and operated by its agent, C. B. Loveless. The complaint was brought in two counts: one alleged negli-

gence, and the other charged wilful and wanton misconduct. At the close of all the evidence, the trial court struck the wilful and wanton count. A jury then returned a verdict for plaintiff against defendants for $14,000, and the trial court entered judgment on the verdict. Subsequently, the trial court, finding that plaintiff was guilty of contributory negligence as a matter of law, granted defendants' motion for judgment notwithstanding the verdict. That order provided in the alternative that, should the judgment *n.o.v.* be reversed on review, defendants should be granted a new trial. Plaintiff appeals from the refusal of the trial court to vacate its entry of judgment notwithstanding the verdict. Plaintiff also contends that the trial court erred in striking her wilful and wanton misconduct count.

Certain facts are uncontroverted. On October 17, 1965, at approximately 9:00 P.M., three vehicles were involved in an accident at the intersection of State Street and Walton Place in the City of Chicago. At this intersection State is a preferential throughway permitting two-way, north-south traffic, while Walton, a one-way street permitting westerly traffic only, is marked by a stop sign. The posted speed limit on State at this point is 30 miles per hour.

A Hertz owned station wagon operated by defendant Loveless was proceeding south on State after having stopped at a traffic signal at Oak Street. Oak is a short block north of Walton. Plaintiff's vehicle, a convertible with its top down, and a Checker Cab were proceeding west on Walton.

Plaintiff's vehicle and the cab proceeded along side each other, entering the intersection about simultaneously. Plaintiff's vehicle was directly north of the cab. When both vehicles had crossed the center line of the intersection, defendants' vehicle struck plaintiff's vehicle, which in turn was driven against the cab. The three vehicles came to rest in the intersection with the front of defendants' vehicle imbedded in the right side of plaintiff's vehicle. A tow truck was used to separate the vehicles. Plaintiff had two passengers in her vehicle, and one of them was killed. Plaintiff's vehicle was damaged beyond repair.

The following additional evidence relevant to this appeal was adduced. Plaintiff testified that she stopped in the north lane on Walton at the State Street stop sign. The cab, also stopped, was directly south of her. Looking to the left and right, plaintiff did not observe any approaching traffic. She pulled ahead slightly in order to obtain a better view and stopped again. She observed no traffic to the left. To the right she observed that the traffic light at Oak was red to north-south traffic and that traffic coming south on State was stopped at this light. At this point both the cab and plaintiff's vehicle started to cross the intersection, with the

cab slightly ahead. Plaintiff further testified that upon proceeding slightly more than halfway through the intersection she saw defendants' vehicle coming toward her. She was unable to judge the speed of defendants' vehicle, but it was going "very fast." Plaintiff testified that she did not have time to sound her horn or apply her brakes, and she did not hear Loveless sound his horn or apply his brakes. She was not aware of defendants' vehicle until she was into the intersection. She did not remember telling a police officer that she did not see defendants' vehicle at all.

Bette Herbert, an area resident, testified for plaintiff that at the time of the accident she was standing on the sidewalk on Walton. She was halfway between State and Rush Street, the block to the east of State. Looking toward the State and Walton intersection, Mrs. Herbert observed plaintiff's vehicle and a cab proceed west on Walton and come to a stop at the intersection. As the cab and plaintiff's vehicle crossed the intersection, she observed defendants' vehicle strike plaintiff's vehicle "with great force." As a result of the impact plaintiff's vehicle was thrown against the cab, which in turn was thrown against a parked automobile. The witness estimated the speed of defendants' vehicle as "excessive." She also testified that the sound of the crash was terrific.

David Fishman, a court reporter, testified for plaintiff as to statements made by defendant Loveless at a deposition. Loveless there stated that he first saw plaintiff's vehicle at the time of impact. He also stated that he did not sound his horn or apply his brakes before the impact.

Officer Joseph Krieger of the Chicago Police Department testified for plaintiff that upon investigation of the accident he found three extremely damaged vehicles in the intersection: defendants' vehicle was facing south on State, while plaintiff's vehicle and the cab were facing west on Walton. There were no skid marks.

Officer Krieger further testified that the cab driver told him that plaintiff's vehicle began to cross the street slightly before his cab; when both vehicles were about three-fourths across the intersection, plaintiff's vehicle was struck by defendants' vehicle and driven into his cab.

The officer testified that the plaintiff told him that she did not know if there was any other traffic on the street. When asked by the officer how far away defendants' vehicle was when she first observed it, she responded, "I did not see this car at all." Officer Krieger also stated that at the time of giving her statement plaintiff was highly emotional and in a semi-state of shock. She was unable to answer any further questions and did not sign her statement.

Defendant Loveless testified by means of evidence deposition that at the time of the accident he was proceeding south on State in the course of his employment with Hertz transferring a station wagon from one

depot to another. After stopping for about 30 seconds for a red light at Oak, he proceeded south on State. Traffic was light, and no cars were in front of him. The highest speed he attained on State was 25 miles per hour. Loveless testified that he first saw plaintiff's vehicle when it was about 14 feet in front of him as it "jumped" from the stop sign. By jumping he meant that all of a sudden the car was in front of him. He did not have time to apply his brakes or sound his horn. He never saw the cab prior to impact with plaintiff's vehicle. Loveless also testified that he probably had made an earlier statement that he did not see plaintiff's vehicle prior to impact.

Plaintiff's initial contention is that the trial judge erred in entering judgment notwithstanding the verdict in favor of the defendants. She urges that the trial court's determination that she was contributorily negligent as a matter of law was erroneous.

■■ Verdicts should be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence, when viewed in its aspects most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand. (*Pedrick v. Peoria and Eastern R.R. Co.* (1967), 37 Ill.2d 494, 229 N.E.2d 504.) A plaintiff is contributorily negligent as a matter of law only when the evidence of due care is so insufficient that no contrary conclusion of a jury could ever be allowed to stand. (*Rose v. B. L. Cartage Co.* (1969), 110 Ill.App. 2d 260, 249 N.E.2d 199.) A motorist approaching a preferred highway is required only to exercise reasonable care after he has stopped, yielding the right-of-way to those vehicles which constitute an immediate hazard; he is not required to stop long enough for any traffic to pass which he may observe regardless of its distance from the intersection. (*Pennington v. McLean* (1959), 16 Ill.2d 577, 158 N.E.2d 624; Ill. Rev. Stat. 1965, ch. 95½, par. 167.) Generally, the determination of the foregoing standard is a question for the jury. *Pennington v. McLean, supra.*

■■ Under the foregoing criteria, we believe that the trial judge erred in entering judgment notwithstanding the verdict in favor of defendants. In our view, the evidence of due care was not so insufficient as to show that plaintiff was contributorily negligent as a matter of law. This conclusion is in harmony with several Illinois cases in which the courts found that plaintiffs approaching a preferred highway were not contributorily negligent as a matter of law. In *Emond v. Wertheimer Cattle Co.* (1958), 19 Ill.App.2d 389, 153 N.E.2d 870, as here, plaintiff testified that he stopped and looked in both directions several times, that he did not see defendant's vehicle until immediately before impact, and that he could only judge that it was going at a high speed. In *Pennington v. McLean* (1959), 16 Ill.2d 577, 158 N.E.2d 624, plaintiff's evidence of due

care consisted purely of circumstantial evidence plus inconsistencies found in defendant's testimony. In *Neurohr v. Richmond* (1967), 78 Ill. App.2d 467, 222 N.E.2d 808, plaintiff testified that he did observe the defendant's vehicle approaching, but believed that he could safely enter the intersection. And in *Rose v. B. L. Cartage Co.* (1969), 110 Ill.App.2d 260, 249 N.E.2d 199, plaintiff testified that her last recollection of the accident was her stopping at the stop sign.

The foregoing cases cannot be meaningfully distinguished from the instant case, and they dictate that the instant plaintiff was not contributorily negligent as a matter of law. Plaintiff and an independent witness testified that plaintiff had stopped at the intersection. Plaintiff testified that, after stopping, she checked traffic in both directions, and, after doing so, pulled forward slightly, stopped and again checked the traffic. Her vehicle was struck when she had nearly cleared the intersection. We believe that the question of plaintiff's due care was a matter for the jury. The trial court erred in finding her contributorily negligent as a matter of law, and in entering judgment *n.o.v.* in favor of defendants.

Illinois cases in which plaintiffs have been held to be contributorily negligent as a matter of law in approaching preferred highways are easily distinguishable from the instant case. In *Hession v. Liberty Asphalt Products, Inc.* (1968), 93 Ill.App.2d 65, 235 N.E.2d 17, the only direct evidence was that plaintiff did not stop at the preferred highway. In *Lamberes v. Northern Cartage Co.* (1967), 86 Ill.App.2d 311, 229 N.E. 2d 901, plaintiff, by his own testimony, skidded into defendant's vehicle which was travelling on the preferential highway. And in *Daly v. Bant* (1970), 122 Ill.App.2d 233, 258 N.E.2d 382, there was no direct evidence of due care on the part of plaintiff's intestate, and there was evidence that the vehicle of plaintiff's intestate while travelling at high speed slid into defendant's vehicle.

In his order entering judgment notwithstanding the verdict for defendants, the trial judge provided in the alternative that, should the judgment *n.o.v.* be reversed on appeal, defendants should be granted a new trial. The record is silent as to the basis for the court's award of a new trial.

■■ Motions for new trials are addressed to the sound discretion of the trial judge and his actions therein will not be reversed except in case of clear abuse which must be affirmatively shown. (*Ledferd v. Reardon* (1940), 303 Ill.App. 300, 25 N.E.2d 116; *Carter v. Geeseman* (1940), 303 Ill.App. 280, 25 N.E.2d 120.) Moreover, this court has held that it is incumbent upon an appellant to show that the trial court has abused its discretion in awarding a new trial, and where the reason or reasons for the granting of a new trial do not appear of record, the re-

viewing court is, absent an abuse of discretion clearly apparent from the record, compelled to hold that it cannot disturb the order of the trial court. (*Couch v. Southern Ry. Co.* (1938), 294 Ill.App. 490, 14 N.E.2d 266; *Village of LaGrange v. Clark* (1934), 278 Ill.App. 269. Also see *Hall v. Chicago & N.W. Ry. Co.* (1953), 349 Ill.App. 175, 110 N.E.2d 654.) In the instant case, we have not been advised of the trial court's reasons for awarding the new trial, and therefore we will not disturb that order.

Because the cause is being remanded for another trial, we must comment on the order of the trial court striking the plaintiff's wilful and wanton misconduct count of plaintiff's complaint at the close of all the evidence.

■■■ A wilful or wanton injury must have been intentional or the act must have been committed under circumstances exhibiting a reckless disregard for the safety of others, such as a failure, after knowledge of impending danger, to exercise ordinary care to prevent it or a failure to discover the danger through recklessness or carelessness when it could have been discovered by the exercise of ordinary care. (*Schneiderman v. Interstate Transit Lines, Inc.* (1946), 394 Ill. 569, 69 N.E.2d 293.) Whether an act is wilful and wanton is an issue of fact depending upon the circumstances of each case and is normally a jury question. (*Hering v. Hilton* (1958), 12 Ill.2d 559, 147 N.E.2d 311.) However, under *Pedrick*, verdicts ought to be directed in those cases where all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors the movants that no contrary verdict based on that evidence could ever stand. In the present case, when all of the evidence is viewed in its aspect most favorable to the plaintiff, there is a lack of proof that Loveless was guilty of wilful and wanton misconduct. Plaintiff's argument that Loveless was guilty of such conduct relies on the evidence that Loveless was speeding, and speed alone cannot be the basis for wilful and wanton misconduct. (*Bartolucci v. Falleti* (1943), 382 Ill. 168, 46 N.E.2d 980.) Moreover, while plaintiff and another witness testified that the Loveless' speed was "excessive" and "very fast," neither witness was able to judge the rate of speed of defendants' vehicle. The case of *McCullough v. Orcutt* (1957), 14 Ill.App.2d 513, 145 N.E.2d 109, cited by plaintiff in support of her proposition that the wilful and wanton count should have been submitted to the jury, is clearly distinguishable from the present case. In that case, defendant's vehicle driving on a preferred highway struck a truck which entered the highway after stopping, and this court upheld the wilful and wanton finding in favor of defendant's guests. However, defendant was travelling approximately 60 miles an hour and his attention was called to the presence

of the truck between 140 and 160 feet from the intersection. We hold that the trial court in the instant case correctly struck the wilful and wanton misconduct count of plaintiff's complaint at the close of all the evidence.

Accordingly, the order of the circuit court of Cook County entering judgment notwithstanding the verdict in favor of defendants is reversed. The alternative order granting a new trial to defendants is affirmed, and the cause is remanded for a new trial.

Affirmed in part; reversed in part and remanded.

McGLOON and MEJDA, JJ., concur.