4

MARTIN D. VOLPE, Plaintiff-Appellee, *v.* MICHAEL J. BURGE, Defendant-Appellant.

Third District    No. 76-318

Opinion filed April 26, 1977.

Edward G. Vogt, of Kankakee, for appellant.

John Cashion, of Chicago, and Paul F. Davidson, of Kankakee, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from a partial judgment entered by the trial court of Kankakee County in favor of the plaintiff, Martin D. Volpe, and against the defendant, Michael Burge, in the sum of $10,015.68, and the trial court further granted the plaintiff a new trial on the issue of damages as to the elements of damages of nature, extent and duration of the plaintiff's injuries; the resulting disability, pain and suffering experienced in the past and reasonably certain to be experienced in the future and loss of overtime wages resulting.

The plaintiff was in an auto accident which occurred on June 7, 1974. As the result of the accident he suffered injuries to his neck which required considerable medical treatment and for a time he was hospitalized. On orders from his doctor he did not return to work until November 7 or 8 of 1974. The defendant's vocation is that of a mechanic for the repair and maintenance of diesel locomotives and his earnings prior to the accident were approximately $1,500 each month.

Before the trial court the plaintiff filed a motion for summary judgment solely on the issue of liability. This motion was granted and subsequently a trial by jury was had on the issue of damages. The jury returned a verdict in the sum of $7,000. Judgment for this amount was entered in favor of the plaintiff and subsequently pursuant to a post-trial motion filed by the plaintiff the trial court, as we have previously stated, entered a partial judgment (which resulted in an additur in the sum of $3,015.68)

and ordered a new trial on other matters which we have heretofore set forth in this opinion.

This appeal does not raise any issues as to liability but is concerned only with the award of damages aspect of the case.

We do not deem it necessary to set forth in detail the evidence adduced during the trial, the purpose of which was to fix damages. It should be noted, however, that testimony was heard from the plaintiff; from the plaintiff's father who is a general foreman for the railroad which employs the plaintiff; from Dr. Sukys, a general practitioner in the field of medicine; from Dr. Mileris, a neurologist; and from the plaintiff's wife.

The defendant raises the issue as to whether the trial court committed error in granting an additur to the jury's award of damages and further a partial new trial on certain elements of damage.

From the trial court's action in awarding the plaintiff an additur and providing for a new trial in regard to certain other elements which could conceivably support a further award of damages we can only conclude that the trial court felt that the jury's verdict in the sum of $7,000 was manifestly inadequate. It is well settled that where the assessment of damages is manifestly inadequate, or where it appears that important elements of damages have been disregarded or overlooked, then a reviewing court may at its discretion order a new trial on the issue of damages. See *Davis v. Yellow Cab Co.* (1971), 133 Ill. App. 2d 190, 273 N.E.2d 35; *Zielinski v. Goldblatt Bros.* (1969), 110 Ill. App. 2d 248, 249 N.E.2d 245; *First National Bank v. Szwankowski* (1969), 109 Ill. App. 2d 268, 248 N.E.2d 517.

The defendant as appellant prays for relief in the alternative, one alternative being that the trial court's entry for a judgment in the sum of $10,015.68 be vacated along with the trial court's proviso for a partial new trial on the issue of certain elements regarding damages, and that instead a complete, full and new trial be ordered on the sole issue of damages.

We believe that this prayer of the defendant should be granted; therefore the judgment of the trial court of Kankakee County and the award of damages entered thereon is reversed and this cause is remanded for a new trial on the issue of damages.

Reversed and remanded.

ALLOY, P. J. and BARRY, J., concur.