NICHOLAS STAMAT et al., Plaintiffs-Appellants, v. NORMA MERRY, Defendant-Appellee.

First District (3rd Division)    No. 78-664

Opinion filed November 7, 1979.

Nicholas Liontakis, of Homewood, for appellants.

David J. Loughnane, of Pretzel, Stouffer, Nolan & Rooney, Chartered, of Chicago (Robert Marc Chemers and Joseph B. Lederleitner, of counsel), for appellee.

Mr. JUSTICE RIZZI delivered the opinion of the court:

This action was brought by plaintiffs Nicholas Stamat and Penny Stamat against defendant, Norma Merry, to recover damages resulting from an automobile accident. Count I of the complaint alleged that defendant's conduct was negligent; count II alleged that defendant's conduct was wilful and wanton. Defendant filed an affirmative defense to each count alleging that sudden mechanical failure was the sole cause of

the collision. At the conclusion of the evidence, the trial court judge granted defendant's motion for a directed verdict on count II. On count I, the jury returned a verdict of $11,000 in favor of plaintiff Nicholas Stamat and $2,500 in favor of plaintiff Penny Stamat.

Plaintiffs contend: (1) under count I, they are entitled to a new trial on damages only because the damages awarded are inadequate as a matter of law, and (2) the court improperly directed a verdict in favor of defendant under count II. As to Nicholas Stamat, we reverse the judgment on count I and remand for a new trial on damages only. As to Penny Stamat, we affirm the judgment on count I. We affirm the judgment on count II as to both parties.

On August 22, 1976, defendant was proceeding in a northerly direction on Illinois Route 83 in Cook County, Illinois. At this time, plaintiffs were driving in a southerly direction on the same road. Defendant testified that her car was moving at a speed of approximately 45 m.p.h. in a 55 m.p.h. zone. When she reached over to turn the radio down, her car went off the paved portion of the road and onto the shoulder. According to defendant, she did not turn the steering wheel, but the car "went to the right by itself." She then steered the car back towards the highway, but it continued to go to the right. In trying to regain control of the steering wheel, her car proceeded across the northbound lanes and onto the southbound lane at which time her car struck the car in which plaintiffs were travelling.

Penny Stamat saw defendant's car come off the shoulder and proceed in a westerly direction almost perpendicular to the highway. Nicholas Stamat tried to avoid the accident by braking and going to the right, but was unsuccessful. A witness to the accident initially saw defendant's car on the shoulder of the road. He thought it was stopped at the time. He then saw the car swerve onto the northbound lane and return to the shoulder. The car moved back into the northbound lane, swerved and hit plaintiff's car.

As a result of the accident, Nicholas Stamat suffered multiple facial fractures on the left side of his face. These injuries included fractures of the cheekbone, skull, zygomatic arch, anterior sinus, lateral wall of the sinus and the eye orbit. The doctor who treated him at the hospital described his face as "actually pushed in or depressed." Nicholas' face was permanently wired in a surgical procedure.

At trial, Nicholas testified that he does not have complete feeling in his upper teeth and has no feeling in his left cheek area. He also complained of diplopia in his left peripheral view since the accident. An ophthalmologist who examined Nicholas about one month after the accident made a diagnosis of anesthesia and hypoesthesia of the left face and paresis of the left inferior rectus muscle. He further found that

Nicholas' eyes were improperly aligned. This displacement of the eye, according to the ophthalmologist, could have resulted from a swelling of the internal tissues or the multiple facial fractures which allowed the eye to drop slightly. The same ophthalmologist examined Nicholas again about one week prior to trial. At this time, he found there still was an area of anesthesia on the left cheek and improper alignment of his eyes. He stated that this condition is permanent. Nicholas' special damages amounted to $9,246.10, including $6,000 in stipulated property damage to his vehicle.

Penny Stamat suffered a concussion, multiple abrasions and contusions, cervical dorsal strain and broken teeth as a result of the accident. At the time of trial, she only complained of numbness in her hand. Penny's special damages amounted to $2,020.05.

Plaintiffs first contend that they are entitled to a new trial on damages only because of several alleged trial errors. None of these alleged errors, however, have any bearing on the jury's determination of damages and, therefore, need not be considered.

■■ In addition, plaintiffs maintain that they are entitled to a new trial on damages only because the damages assessed are manifestly inadequate. As a general rule, the amount of damages to be awarded is within the jury's sound discretion. That discretion, however, is not without limitation. (*Long v. Bennet* (1978), 55 Ill. App. 3d 50, 52, 370 N.E.2d 627, 628.) If the damages awarded are manifestly inadequate or if an important element of the damages has been overlooked, then the reviewing court may order a new trial for inadequacy of damages. (*Volpe v. Burge* (1977), 48 Ill. App. 3d 4, 5, 362 N.E.2d 444, 445; *Davis v. Yellow Cab Co.* (1971), 133 Ill. App. 2d 190, 191, 273 N.E.2d 35.) When the amount of the verdict bears no reasonable relationship to the loss suffered by the plaintiff, the verdict may be overturned. *Rapp v. Kennedy* (1968), 101 Ill. App. 2d 82, 86, 242 N.E.2d 11, 14.

■■ Accordingly, we believe that the $11,000 awarded to Nicholas Stamat is inadequate as a matter of law. As a result of the accident, he suffered extensive facial fractures which had to be repaired by permanently wiring his face. He also experiences double vision and does not have complete feeling in his left cheek; these conditions are permanent. In reaching its verdict, the jury was instructed to consider the nature, extent and duration of the injury, any disability resulting from the injury, past and future pain and suffering, and reasonable medical expenses. Nicholas' special damages amounted to $9,246.10 which included $6,000 for the property damage to his car. The $11,000, less the specials, left $1,753.90 to compensate him for his pain and suffering and resulting disability. This amount was also supposed to compensate him for the nature, extent and duration of his injury. This award bears no relation to the injuries suffered by this plaintiff and is manifestly inadequate.

■■ As to plaintiff Penny Stamat the $2,500 awarded to her is not inadequate as a matter of law. There is a reasonable basis for the verdict and, therefore, she is not entitled to a new trial on the issue of damages.

Because we have decided that Nicholas' damages are inadequate as a matter of law, we must also determine whether a new trial on the issue of damages only is proper. A new trial on the issue of damages only can be granted only where the damage issue is so separable and distinct from the issue of liability that a trial solely on that issue may be had without injustice. If it appears that the damages were the result of a compromise on the issue of liability or that error affected the verdict on the question of liability, a new trial on damages only cannot be ordered. Additionally, in order to grant a new trial on damages only, the jury's verdict on the question of liability must be amply supported by the evidence. *Balestri v. Terminal Freight Cooperative Association* (1979), 76 Ill. 2d 451, 456, 394 N.E.2d 391, 393; *Paul Harris Furniture Co. v. Morse* (1956), 10 Ill. 2d 28, 46, 139 N.E.2d 275, 286.

■■ Under the circumstances of this case, a new trial on damages only as to Nicholas Stamat is justified. The jury's verdict on the question of liability is amply supported by the evidence, and there is no suggestion in the record that the jury reached a compromise verdict. Also, the issues of liability and damages are separate and distinct, and the error of the jury in determining inadequate damages did not affect the issue of liability. Thus, a new trial on damages only is appropriate.

Plaintiffs next contend that the trial court improperly granted defendant's motion for a directed verdict on the wilful and wanton count. They maintain there was sufficient evidence to require that the issue be submitted to the jury.

■■ To constitute wilful and wanton misconduct, the conduct must have been intentional or the act must have been committed under circumstances exhibiting a reckless disregard for the safety of others, such as a failure, after knowledge of impending danger, to exercise ordinary care to prevent it or the failure to discover the danger through recklessness or carelessness when it could have been discovered through the exercise of ordinary care. (*Hocking v. Rehnquist* (1969), 44 Ill. 2d 196, 201, 254 N.E.2d 515, 518; *Schneiderman v. Interstate Transit Lines Inc.* (1946), 394 Ill. 569, 583, 69 N.E.2d 293, 300.) More than mere inadvertence or momentary inattentiveness which may constitute ordinary negligence is necessary for an act to be classified as wilful and wanton misconduct. See *Murphy v. Jewel Companies* (1974), 24 Ill. App. 3d 1, 4, 320 N.E.2d 47, 50; *Larson v. Fell* (1965), 55 Ill. App. 2d 418, 426, 204 N.E.2d 475, 479.

The question of whether certain acts amount to wilful and wanton misconduct is normally a question of fact to be determined by the jury.

(*Lewandowski v. Bakey* (1975), 32 Ill. App. 3d 26, 29, 335 N.E.2d 572, 574; *Tanenbaum v. Loveless* (1973), 16 Ill. App. 3d 104, 110, 305 N.E.2d 612, 616.) A verdict may be directed on this issue, however, if the evidence, when viewed in its light most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict based on that evidence could stand. *Lewandowski*, 32 Ill. App. 3d 26, 29, 335 N.E.2d 572, 574; *Murphy*, 24 Ill. App. 3d 1, 5, 320 N.E.2d 47, 50.

■■ In the present case, the record discloses no evidence of wilful and wanton misconduct by the defendant. Defendant's action in leaning to turn down the volume of the radio, thereby causing the car to go out of control, can only be characterized as inattentive, negligent behavior. Her conduct cannot be said to demonstrate reckless disregard for the safety of others. We believe the trial court correctly concluded that the evidence, viewed in its aspect most favorable to plaintiff, so overwhelmingly favored defendant that no contrary verdict could stand. Therefore, a directed verdict on this issue was proper.

Accordingly, as to Nicholas Stamat, the judgment on count I is reversed and remanded for a new trial on damages only. As to Penny Stamat, the judgment on count I is affirmed. The judgment in favor of defendant on count II is affirmed as to both parties.

Affirmed in part, reversed in part.

McNAMARA and McGILLICUDDY, JJ., concur.